STATE *v.* YOUNG, ETC., ET AL.

[No. 30,252. Filed June 30, 1964. Rehearing denied December 7, 1964.]

*Edwin K. Steers,* Attorney General of Indiana, and *Robert E. Robinson* and *Sue Blodgett Shields,* Deputy Attorney Generals, for appellant.

*John A. Kendall, Stevenson, Kendall & Stevenson,* of counsel, all of Danville and *Harold W. Jones* and *Smith & Jones,* of counsel, all of Indianapolis, and *Murat Keeney,* of Pittsboro, for appellees.

MYERS, J.—This is an appeal from a judgment of the Hendricks Circuit Court of Hendricks County, Indiana, in a proceeding of eminent domain, brought by appellant, State of Indiana, which resulted in the condemnation and appropriation of a parcel of land which belonged to appellees Young and their mortgagee, appellee Keeney, for right of way and use by the Indiana State Highway Commission to construct a highway.

A stipulation in the record shows that the State served notice of condemnation upon appellees Young on February 12, 1960, and that the State took possession on May 13, 1960.

The State paid into the County Clerk's Office the sum of $54,950, which was the amount of the court-appointed appraisers' award, for the use and benefit of appellees. This amount was not withdrawn. Subsequently, appellees duly filed their written exceptions to the award, and the cause came to issue before the Circuit Court. A jury trial was held with the result that a verdict was returned on February 14, 1962, wherein the jury found for appellees and assessed their damages at $50,000, "together with interest at the rate of six per cent per annum, to be computed by the Court."

The court found that appellees were entitled to recover interest in the amount of $5,250. It also found that the State had previously paid into the Clerk's Office the sum of $54,950, which amount had not been withdrawn. Judgment was entered that appellees recover of and from the State damages in the amount of $55,250.

The State filed a motion to modify the judgment based upon the ground that the interest as computed

and allowed by the court was contrary to law in that appellees could have withdrawn the court-appointed appraisers' award from the Clerk without waiving their right to appeal the award. It also claimed that the correct and lawful interest which the court should have allowed was in the amount of $3,500. Appellees filed an answer and an amended answer to the motion, generally alleging that the court's judgment was correct under the appropriate statutes. The motion to modify was overruled. This appeal was thereafter filed. The sole ground for error in the assignment of errors is that the court erred in overruling the motion to modify the judgment.

The only problem presented in this appeal involves the allowance of interest on the damages awarded. The State contends that the court erred in allowing damages from the date the State entered into possession to the date of judgment, a period of time extending from May 13, 1960, to February 14, 1962, or a year and nine months; that because the Eminent Domain Act of 1905 was amended by the Indiana General Assembly in 1961, and the Act was promulgated July 6, 1961, interest could only be computed from date of possession to date of promulgation; that appellees could have withdrawn their money from the Clerk's Office on or after July 6, 1961, without prejudice or waiving their rights to a trial for damages in the circuit court, so they are entitled to no interest on the adjudged damages from July 6, 1961, to date of judgment.

The only question we shall consider is whether the sum total of interest to be given appellees is $5,250 as awarded by the court, or the sum of $3,500 as charged by the State (6% per annum from May 13, 1960, to July 6, 1961, or approximately one year and two months).

Prior to the promulgation of the 1961 Act amending

the 1905 Eminent Domain Act (Acts 1961, ch. 317, §1, p. 884; Burns' Ind. Stat., §3-1707, 1946 Replacement [Supp.]), it had been held by this court that upon the acceptance of payment in a condemnation action where the amount awarded by the court-appointed appraisers was paid into the Clerk's Office and the land appropriated by the condemnor, the condemnee was precluded from filing and prosecuting exceptions in court. *Western Construction Co.* v. *Board, etc*. (1912), 178 Ind. 684, 98 N. E. 347.

It was equally settled that if a condemnee rejected the tendered deposit and left it in the Clerk's Office, and proceeded to successfully prosecute his appeal in court, he was entitled to interest upon the full amount of the award from the time the condemnor took possession to date of judgment. *Schnull* v. *Indianapolis, etc., R. Co.* (1921), 190 Ind. 572, 131 N. E. 51.

The principle upon which the courts have supported the payment of interest in the above situation is on the ground that it is the duty and obligation of a condemnor to make just compensation for depriving the condemnee of both the award and possession of the appropriated land. *Schnull* v. *Indianapolis, etc., R. Co., supra.*

Section 8 of the 1905 Act, before the amendment, reads as follows:

"Any party to such action aggrieved by the assessment of benefits or damages, may file written exceptions thereto in the office of the clerk of such court in vacation, or in open court if in session, within ten days after the filing of such report, and the cause shall further proceed to issue, trial and judgment as in civil actions; the court may make such further orders, and render such findings and judgments as may seem just. Such judgment as to benefits or damages shall be appealable by either party as in civil actions to the

appellate or supreme court." Acts 1905, ch. 48,
§ 8, p. 59.

Section 1 of the 1961 Act amended and added to §8
of the 1905 Act (Burns' Ind. Stat., §3-1707, 1946 Re-
placement [Supp.]) reads as follows:

"Any party to such action, aggrieved by the
assessment of benefits or damages, may file
written exceptions thereto in the office of the
clerk of such court in vacation, or in open court
if in session, within ten days after the filing of
such report, and the cause shall further proceed
to issue, trial and judgment as in civil actions;
the court may make such further orders, and ren-
der such findings and judgments as may seem
just. Such judgment as to benefits or damages
shall be appealable by either party as in civil
actions to the appellate or supreme court. After
ten days have passed following the filing of the
report of the court-appointed appraisers, and if
the plaintiff shall have paid the amount of dam-
ages thus assessed to the clerk of such court, any
one or more of the defendants may file a written
request or requests for payment of their propor-
tionate share of said damages held by the clerk,
together with sufficient copies of the same for
service upon the plaintiff and all other defend-
ants not joining in such request, and the defend-
ant or defendants shall be permitted to with-
draw and receive their proportionate share or
shares of the damages upon the following terms
and conditions:

"First. Each such written request shall be veri-
fied under oath, and shall state the amount of
the proportionate share of the damages to which
the defendant or defendants joining therein are
entitled, the interest of each such defendant, and
the highest offer made by the plaintiff to each
such defendant or defendants for their respective
interests in or damages sustained in respect to
the land or interest therein which has been ap-
propriated by the plaintiff.

"Second. Upon the filing of any such written
request for withdrawal and payment of damages
to any of the defendants, the clerk of the court
shall forthwith issue a notice to the plaintiff and

all defendants of record in said cause who have not joined in such request for payment, stating therein the names of the parties, number of the cause, the filing of the request for payment, and notice to appear on a day, to be fixed by the court, and show cause if any they have why the amounts requested should not be withdrawn and paid over by the clerk of the court to those defendants requesting the same. A copy of the request for payment shall be served with the notice, and if any defendant not requesting such payment is a nonresident of the State of Indiana, or if his name or residence is unknown, publication and proof of the notice and request for payment shall be made as provided in section 4 hereof.

"Third. Upon hearing duly held pursuant to notice of such written request of one or more of the defendants, the court shall determine and order the payment by the clerk of the proportionate shares of said damages due to the defendants requesting the same. From such order or orders the defendants or any of them may appeal to the supreme court within the same time and in the same manner as provided for allowable appeals from interlocutory orders in civil actions.

"Fourth. If exceptions to the appraisers' report have been duly filed by the plaintiff or any defendant, no payment shall be made by the clerk of the court to any defendant of any part of the damages deposited with the clerk by the plaintiff, unless and until the defendants requesting the same have filed with the clerk a written undertaking, with surety approved by the court, for the repayment to the plaintiff of all sums received by such defendant or defendants in excess of the amount or amounts awarded as damages to such defendant or defendants by the judgment of the court upon trial held on the exceptions to the assessment of damages by the appraisers: Provided, however, That the court may waive the requirement of separate surety as to any defendant who is a resident freeholder of the county in which the cause is pending, and who is the owner of real property in this state, liable to execution, not included in that real property appropriated by the plaintiff, and equal in value to the amount by which the damages to be withdrawn, exceed the amount offered to said defend-

ant or defendants as stated in their request, or determined by the court if the plaintiff has disputed such statement of the offer: Provided further, That the liability of any surety shall not exceed the amount by which the damages to be withdrawn exceed such amount offered to the defendant or defendants with whom such surety joins in said written undertaking. Each such written undertaking filed with the clerk shall be immediately recorded by the clerk in the order-book and entered in the judgment docket, and from the date of such recording and entry such written undertaking shall be a lien upon all the real estate in such county owned by the several obligors, and the same shall also be a lien upon all the real estate owned by the several obligors in each county of this state in which the plaintiff shall thereafter cause a certified copy of said judgment docket entry to be recorded, from the date of such recording.

"Fifth. The withdrawal and receipt from the clerk of the court by any defendant of his proportionate share of the damages awarded by the appraisers, as determined by the court upon such written request and hearing, shall not operate or be considered as a waiver of any exceptions duly filed by such defendant to the assessment of damages by the appraisers."

Neither of these Acts make any reference to payment of interest. But, as pointed out heretofore, payment of interest has been included as part of the just compensation commanded by the Constitution of Indiana. *Schnull* v. *Indianapolis, etc., R. Co., supra.* It was said in *Lake Erie and Western Railway Company* v. *Kinsey* (1882), 87 Ind. 514, 517, 518:

"The verdict of the jury and the judgment of the court determine what that just compensation is."

The State admits that the trial court had authority to adjudge interest, if any is due, pursuant to the mandate of the jury in its verdict. However, the State

argues that the new 1961 Act removed the alternative of a condemnee taking the award and forfeiting the right to file and prosecute exceptions, or taking the appeal without the award and losing the use of both the award and the appropriated real estate until final adjudication. It contends that after July 6, 1961, appellees had an absolute right to and could have taken their money "to remedy the hardship imposed upon a condemnee," and so thereafter interest stopped on that date.

Appellees point out that there are certain statutory provisions in the 1961 Act to which the condemnee is subject if he wants to take the award of the court-appointed appraisers. These are the requirements of obtaining a separate surety bond, paying the premiums thereon and producing collateral security so as to assure the repayment of the excess of the amount withdrawn. In the alternative, the condemnee must put up all unappropriated land he owns and subject it to a lien for an amount and for a time which is indefinite until final adjudication.

These requirements are hardships in that they call for expenditures and encumbrances which cut down the "just compensation" which is later judicially determined. Appellees do not argue that they should take the appraisers' award without the duty to repay any excess which may be later adjudicated, or that they should not have to follow the statutory requirements in so taking the award. They merely argue that "the taking down should not be forced upon them regardless of circumstances and costs, and that they should not be denied interest if they do not desire to shoulder or cannot shoulder those costs and burdens."

We are inclined to agree with appellees. The relevant language of the 1961 law says:

"... any one or more of the defendants may file a written request or requests for payment

. . . ." (Acts 1961, ch. 317, § 1, p. 884; Burns' Ind. Stat., § 3-1707, 1946 Replacement [Supp.]).

It seems logical that the Legislature, in its wisdom, intended to give the defendants in a condemnation proceeding an option whether or not to withdraw their share. One defendant desiring and perhaps needing immediate return for his property could file a written request for payment and assume the burdens and terms of the statute. On the other hand, another defendant could wait the orderly determination of the eminent domain proceedings with assurance that he would be put in as good position moneywise by the addition of interest as he would have been had his property not been taken. The statutory language permits such construction, and not only equitable, but constitutional principles require such construction.

This interpretation of the statute is supported by the assumption that the Legislature was acquainted with existing case law. *Stith Petroleum Co.* v. *Dept. of Audit and Control* (1937), 211 Ind. 400, 5 N. E. 2d 517; *Harter* v. *Board, etc.* (1917), 186 Ind. 301, 116 N. E. 304. By not including a provision concerning interest, it must have been intended that existing case law would be retained concerning interest for those defendants who did not want to take immediate payment under the 1961 Act. Thus, the rule in the *Schnull* case, *supra*, applies, and these appellees are entitled to interest on the full amount of the award from the time of taking possession by the State to the date of final judgment in the trial court.

In the Argument section of the State's brief other points for reversal are raised, such as that the trial court could have included interest on the jury's verdict after July 6, 1961, if at all, only on the excess of the payment over the plaintiff's offer, and that if the original 1905 Act applied, appellees were en-

titled to no interest at all, since they did not successfully prosecute their exceptions to the court-appointed appraisers' award. These issues are not included in the motion to modify the judgment, which precisely states the amount of interest to which appellees are entitled as in the exact sum of $3,500. As the overruling of this motion is the only error assigned, such other reasons for reversal cannot be considered by this court.

Judgment affirmed.

Achor, C. J., and Arterburn, Jackson and Landis, JJ., concur.

NOTE.—Reported in 199 N. E. 2d 694.