IN RE THE ADOPTION OF
TRACY MELANIE JACKSON, ET AL. *v.* BARNHILL.

[No. 371S75. Filed January 10, 1972.]

*Daniel R. Hardt,* of Speedway, for appellant.

*David A. Steckbeck, William C. Moore, Harold G. O'Dell, Jr., Steckbeck & Moore,* of Indianapolis, for appellee.

GIVAN, J.—The appellee filed a petition to adopt the three minor children of his wife and her former husband. The trial court granted the petition and in so doing concluded:

"... it would be in the best interest of the children for the adoption to be granted and that Mr. Barnhill does have sufficient ability to rear the children and furnish them suitable support and education and that the consent of the natural father, James Boyd Jackson is not required for the reason that for more than one year prior to the filing of the petition he wilfully failed to provide for the care and support of the children when able to do so as required by law

and by judicial decree of the Circuit Court of Shelby County, Tennessee. The adoption is granted."

The record contains the following facts which tend to support the decision of the trial court:

At the time of the mother's divorce from the appellant, she was awarded custody of the children. The appellant was ordered to pay support for the children; however, he has not paid any support since July, 1968. The mother married the appellee in April, 1969. The appellee has been employed by the Penn-Central Railroad, although at the time of the hearing in this case he was laid off. He has, however, worked as an upholsterer; his income has consistently been approximately $600.00 per month. The record contains conflicting evidence as to whether the appellee is a fit or an unfit father. The children's situation at the time of the hearing was that they were living with their natural mother and the appellee. The appellant was employed as a salesman with an income of between $500 and $600 per month until sometime in 1969. Subsequently he operated a tavern as a sole proprietor. He testified that his minimum income was now $600 to $650 per month. The appellee and the mother of the children were living together out of wedlock prior to their marriage. Appellant testified that when he learned of this he decided that he was not going to pay support.

The appellant had been in good physical condition and able to work at all times since the divorce.

Appellant first contends that the trial court erred in holding that appellant's consent was not required in this case. The statute under which the adoption decision was rendered is found in Burns Ind. Stat., 1971 Supp., § 3-120, which reads in pertinent part as follows:

"(g) Consent to adoption is not required of:
"(1) . . . a parent of a child in the custody of another person, if for a period of at least one [1] year he fails without justifiable cause, to communicate significantly with the child when able to do so or he wilfully fails to provide for the

care and support of the child when able to do so as required by law or judicial decree. . . ."

Appellant argues that prior to the 1969 amendment of this statute the trial court at its discretion could find that a failure to support for a period of one year would preclude the necessity of consent from a father, but that the 1969 amendment made more specific requirements in that the trial judge is now required to find that the payments were required by law or judicial decree; that the father was unable to make the payment and that his failure to make such payment was wilful. Appellant, therefore, argues that by including both intent and ability the legislature recognized instances when failure of the father to pay support, although financially able, was not wilful. Appellant contends the facts in this case fall within this category. He claims that due to the misconduct of his former wife, the mother of the children in this case, he became emotionally unable to provide support, stating that when he found she was living with another man

". . . I figured if he's going to live in the house with them he should pay the support. However, I found out later I was supporting him. He wasn't even working. I had been supporting him for a month or two before the divorce."

We cannot accept appellant's argument. In examining the statute as amended, we must place a reasonable construction on the language of the act so as to construe the legislative intent with logic and reason. It cannot be presumed that the lawmakers intended an absurdity. *In Re Estate of Pickens* (1970), 255 Ind. 119, 263 N. E. 2d 151, 23 Ind. Dec. 195.

The fact that the appellant's former wife may have been guilty of moral indiscretions does not vest him with the unilateral authority to suspend support payments which previously had been ordered by the divorce court. Such action on her part might well have given the appellant reason to seek modification to the custody order of the children. However, we cannot presume the legislature intented to vest natural fathers

with the ability to unilaterally pass judgment as to when they would or would not comply with the support order. In the case of *In Re Adoption of Reynard* v. *Kelly* (1969), 252 Ind. 632, 639, 251 N. E. 2d 413, 18 Ind. Dec. 721, this Court stated:

". . . no natural parent regardless of the difficulties he may be experiencing with his former spouse is justified to unilaterally, without benefit of court order, refuse to pay the amount of support previously ordered by the Court. When he chooses this avenue of redress, regardless of his love and affection for the children, he places himself in a position of removing the necessity of his consent to their adoption. . . ."

Although the *Reynard* decision was based on the statute as it was prior to the 1969 amendment, we hold the above language used in the *Reynard* case is equally applicable to the statute as amended. We hold that where, as here, the father has been steadily employed and in good health continuously for the period of time in question and during such time there has been a court decree in effect which obligates him to pay support and notwithstanding his knowledge of the decree he has failed to make the support payments, the trial court is justified in saying that such failure is wilful.

Appellant next contends that the best interests of the children were not served by the granting of this adoption pointing out the claimed indiscretions on the part of his ex-wife. As pointed out above, the evidence in this regard is conflicting. We have repeatedly stated that this Court in reviewing a decision of a lower court will not weigh the evidence. We must look to the evidence most favorable to the appellee. *Horlock* v. *Oglesby* (1967), 249 Ind. 251, 231 N. E. 2d 810, 12 Ind. Dec. 270. An examination of the evidence discloses testimony to the effect that the home of the appellee and his wife was a good atmosphere, beneficial to the children, and that the appellee was a fit person to adopt the children. Thus, the trial court had before it evidence to support its finding that it would be to the best interest of the children to grant the adoption.

Appellant next contends the natural mother is not a fit person to have custody of the children. First, we hold this is not an issue in this case. The mother is not a party to this action. In the second place, the issue of her fitness was determined by the Tennessee court during the divorce proceedings resulting in the award of custody to her. It is true the courts of Indiana upon a proper showing could now determine the custody of these children; however, this is not the issue in the instant case. We find sufficient evidence in the record to support the findings of the trial court. We find no reversible error in this record.

The trial court is, therefore, affirmed.

Arterburn, C.J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 277 N.E. 2d 162.