STATE OF INDIANA *v.* SIMLEY CORPORATION, AUDITOR OF STEUBEN COUNTY, TREASURER OF STEUBEN COUNTY.

[No. 3-176A18. Filed July 12, 1976.]

*Theodore L. Sendak,* Attorney General, *Douglas W. Meyer,* Deputy Attorney General, for appellant.

*Harris W. Hubbard, Hubbard and Wilson,* of Angola, for appellee.

HOFFMAN, J.—Plaintiff-appellant State of Indiana sought condemnation in the trial court of certain real estate owned by defendant-appellee Simley Corporation. The trial court entered an order authorizing the appropriation of such real estate. A jury trial on the issue of damages resulted in a verdict in the amount of $12,500. The trial court awarded interest to Simley Corporation in the amount of $3,077. Following the entry of judgment in the total sum of $15,712.50, appellant filed its motion to correct errors, which was overruled by the trial court, and perfected this appeal.

The sole issue presented by this appeal is the propriety of the award of interest made by the trial court. The appellant asserts that the trial court erred in awarding interest on the entire verdict because interest was properly awardable only upon the portion of the jury verdict in excess of the offer made by the State prior to trial and paid into court.

The statute which is dispositive of this issue is IC 1971, 32-11-1-8 (Burns Supp. 1975), which provides, in pertinent part:

"Any party to such action, aggrieved by the assessment of benefits or damages, may file written exceptions thereto * * * within twenty [20] days after the filing of such report, and the cause shall further proceed to issue, trial and judgment as in civil actions; the court may make such further orders, and render such findings and judgments as may seem just * * * . After twenty [20] days have passed following the filing of the report of the court appointed appraisers, and if the plaintiff shall have paid the amount of damages thus assessed to the clerk of such court, any one or more of the defendants may file a written request or requests for payment of their proportionate share of said damages held by the clerk, together with sufficient copies of the same for service upon the plaintiff and all other defendants not joining in such request, and the defendant or defendants shall be permitted to withdraw and receive their proportionate share or shares of the damages upon the following terms and conditions: * * * .

* * *

"Fourth. If exceptions to the appraisers' report have been duly filed by the plaintiff or any defendant, no payment shall be made by the clerk of the court to any defendant of any part of the damages deposited with the clerk by the plaintiff, unless and until the defendants requesting the same have filed with the clerk a written undertaking, with surety approved by the court, for the repayment to the plaintiff of all sums received by such defendant or defendants in excess of the amount or amounts awarded as damages to such defendant or defendants by the judgment of the court upon trial held on the exceptions to the assessment of damages by the appraisers: * * *: Also Provided, That no surety or written undertaking shall be required in order for a defendant to withdraw those amounts previously offered by the plaintiff to the defendant, *providing the plaintiff has previously notified the court in writing of the amounts so offered.* * * * .

* * *

"Sixth. In any trial of exceptions, the court or jury shall compute and allow interest at the rate of eight per cent [8%] per annum on the amount of a defendant's damages from the date plaintiff takes possession of the property; but in no event shall any interest be allowed on any amount of money paid by the plaintiff to the clerk of the court after

the same is withdrawn by the defendant, and furthermore, in no event shall interest be allowed on that amount of money paid by the plaintiff to the clerk of the court *which is equal to the amount of damages previously offered by the plaintiff* to any defendant *and which amount can be withdrawn by the defendant without filing any written undertaking or surety with the court for the withdrawal of that amount."* (Emphasis added.)

In the case at bar appellant does not contend, nor does the record reveal, that the trial court was given a separate formal notice of the amounts which the appellant had offered for the subject real estate. Thus, pursuant to the fourth condition of IC 1971, 32-11-1-8, *supra,* the defendant-appellee would have been required to file a bond with the court in order to withdraw such offered amount from the court. Because such a bond or surety would have been required for such a withdrawal, the provision of IC 1971, 32-11-1-8, *supra,* quoted hereinabove, which forbids an interest award where the defendant could have withdrawn such amount without a bond is inapplicable.

It must be concluded that the trial court did not err in awarding interest upon the entire jury verdict. The judgment of the trial court must be affirmed.

Judgment affirmed.

Staton, P.J., and Garrard, J., concur.

NOTE.—Reported at 351 N.E.2d 41.