STATE OF INDIANA *v.* RUSSELL W. REUTER, LOUISE REUTER, JACOB H. FEICHTER, LOUISE L. FEICHTER, AUDITOR OF ALLEN COUNTY, TREASURER OF ALLEN COUNTY.

[No. 3-276A33. Filed August 19, 1976.]

*Theodore L. Sendak,* Attorney General; *Susan J. Davis,* Deputy Attorney General, for appellant.

*Glen J. Beams, Helmke, Beams, Boyer & Wagner,* of Fort Wayne, for appellees.

GARRARD, J.—This is an appeal from a condemnation action. The sole issue presented is whether the interest on a jury award of damages is to be computed on the total jury award or on the difference between the total jury award and the amount of the condemnor's offer to purchase. Neither the percentage figure of interest nor the time for computation are questioned by the litigants.

A complaint for the appropriation of real estate was filed by the state against the appellees in March 1973. The trial court ordered the appointment of appraisers, and after both sides filed exceptions to the appraisers' report, a jury-trial was scheduled. After much delay, the trial was conducted in August 1975. It resulted in a jury verdict for defendants in the sum of $7,500.00. A judgment was entered by the trial court on this verdict. Included in the judgment was an additional $598.13, which sum represented interest at the rate of 8% per annum from the date of the taking on the difference between the total jury award and the amount of the state's offer to purchase.

Defendants filed a timely motion to correct errors addressed to this judgment. In their motion, defendants argued that the trial court's calculation of the interest was erroneous; that the interest should have been computed on the total jury award. After a hearing, the trial judge granted defendants' motion to correct errors and recomputed the interest due defendants on the basis of the total jury award. From the denial of the state's subsequent motion to correct errors, this appeal followed.

Both sides to the litigation recognize that the statute controlling the computation of interest in eminent domain proceedings is IC 1971, 32-11-1-8, Burns Ann. Stat. § 3-1701.[1] Paragraph 6 of this statute provides that:

"Sixth. In any trial of exceptions, the court or jury shall, compute and allow interest at the rate of eight per cent [8%] per annum on the amount of a defendant's damages from the date plaintiff takes possession of the property; but in no event shall any interest be allowed on any amount of money paid by the plaintiff to the clerk of the court after the same is withdrawn by the defendant, and furthermore, in no event shall interest be allowed on that amount of money paid by the plaintiff to the clerk of the court which is equal to the amount of damages previously offered by the plaintiff to any defendant *and which amount can be withdrawn by the defendant without filing any written undertaking or surety* with the court for the withdrawal of that amount. [Acts 1905, ch. 48, § 8, p. 59; 1961, ch. 317, § 1, p. 884; 1965, ch. 344, § 1, p. 1022; 1973, P.L. 22, § 8, p. 87; 1975, P.L. 301, § 1.]" (Emphasis added)

Pursuant to this section, an interest rate of 8% per annum was used to compute the interest due defendants from the date the state took possession of the real estate. The interest rate was computed on the amount of defendants' damages. The section removes from the calculation any amount withdrawn from the court by defendants or any amount that defendants *could have withdrawn without the filing of a written undertaking* or surety.

---

1. As amended in 1975.

Paragraph 4 of the 1975. amendment to IC 1971, 32-11-1-8 provides that if exceptions are filed to the report of the appraisers, no defendant can withdraw money from the funds deposited with the court by the plaintiff unless a written understaking with a surety is filed. The court can waive this requirement for any defendant who is a resident freeholder. The statute also provides:

". . . That *no surety or written undertaking shall be required* in order for a defendant to withdraw those amounts previously offered by the plaintiff to the defendant, *providing the plaintiff has previously notified the court in writing of the amounts so offered.*" (Emphasis added)

The crux of defendants' argument is that they are entitled to interest on the full amount of the jury award because the state did not avail itself of the statutory provision which would have allowed it to incur the smaller interest charge. The facts indicate that the defendants made no withdrawals from the money deposited with the court by the state. Since the defendants could not have made such a withdrawal without the filing of a written undertaking or surety, we hold that the trial court was correct in granting defendants' original motion to correct errors.

The entire amount of the damage award was the correct figure in the interest computation because defendants could not make a withdrawal from the fund deposited with the court without the written undertaking. While the state contends that the damage award, less the amount of the state's offer to purchase, should be the figure for the calculation of interest, this argument cannot succeed. There is no evidence in the record that the state "notified the court in writing" of the amount of the offer to purchase it made to the defendants. The state's argument fails because it cannot bring itself within the exception quoted from IC 1971, 32-11-1-8 (4). In the absence of such evidence, triggered to lower the amount of damages utilized in the equation to compute interest. As such, the total damage award is the correct figure in the computation.

The statute contemplates, and properly so, a formal act of notification. Performance is within the discretion of the condemnor. If it formally notifies the court of the amounts offered, those amounts may be withdrawn by the property owner without surety or undertaking. It is *because* the amounts may be so withdrawn, that interest does not accrue upon them thereafter. In the absence of formal notification to the court by the condemnor of the amount of its offer that may thenceforth be withdrawn without surety or undertaking, the provision abating interest is not triggered. The judgment is correct.

Affirmed.

Staton, P.J. and Hoffman, J., concur.

NOTE.—Reported at 352 N.E.2d 806.