STATE OF INDIANA *v.* FOREST L. DENNY AND ROBERTA DENNY (H&W)

[No. 2-876A287. Filed June 27, 1978.]

*Theodore L. Sendak,* Attorney General of Indiana, *John P. Avery,* Deputy Attorney General, for appellant.

*Norman E. Brennan*, of Indianapolis, for appellee.

WHITE, J. — The State of Indiana raises but one issue in this appeal from the judgment entered in an eminent domain action: Whether the interest awarded the appellees, landowners, was correctly computed. Holding this appeal to be without merit and to have been prosecuted in bad faith we affirm with ten percent penalty and remand for execution.

The record shows the following sequence of events:

| | |
|---|---|
| Jan. 11, 1960 | Complaint filed. |
| Feb. 15, 1960 | Appraisers' report filed (damages $19,314.00). |
| Feb. 15, 1960 | State's exceptions to appraisers' report filed. |
| Mar. 5, 1960 | State deposits the sum of $19,314.00 with court; gains right to enter upon property. |
| Jan. 29, 1970 | Landowner posts sufficient security, withdraws funds on deposit. |
| Oct. 16, 1975 | Trial commenced. |
| Oct. 17, 1975 | Jury awards landowners damages in the amount of $8,000.00. |
| Oct. 18, 1975 | State files notice that it had offered landowners damages in the amount of $7,597.00. |
| Oct. 18, 1975-April 20, 1976 | Parties and court have informal discussions on interest to be awarded. |
| April 20, 1976 | Court enters judgment with 4% simple interest on the verdict from March 4, 1968, until January 29, 1970 ($3,226.00). |

The State argues that interest should be paid only on the sum of $403.00, the difference between its final offer and the jury's verdict, since at the time of judgment Section 8 of Acts of 1905, ch. 48, the Eminent Domain Act of 1905, had been amended by Acts of 1975, P.L. 301, § 1, to provide in part:

"Fourth . . . . [appraisers' award deposited with court by condemnor cannot be withdrawn by landowner without posting of surety]. . . . Also Provided, that no surety or written undertaking shall

be required in order for a defendant to withdraw those amounts previously offered by the plaintiff to the defendant, providing the plaintiff has previously notified the court in writing of the amounts so offered. . . .

\* \* \*

"Sixth. In any trial or exceptions, the court or jury shall compute and allow interest at the rate of eight per cent[1] per annum on the amount of a defendant's damages from the date plaintiff takes possession of the property; but . . . . in no event shall interest be allowed on that amount of money paid by the plaintiff to the clerk of the court which is equal to the amount of damages previously offered by the plaintiff to any defendant and which amount can be withdrawn by the defendant without filing any written undertaking or surety with the court for the withdrawal of that amount."

The State contends, without citation of authority, that since the above statute was in effect at the time of judgment interest on the award must be computed as provided therein. Thus, it concludes, interest should not be paid on that amount of the verdict that represents the State's final offer to the landowners prior to initiation of the condemnation proceedings.

We need not delve too deeply into the history of the eminent domain act to decide this appeal. We might note that because this action was tried on the State's exceptions to the appraisers' award the landowners were unable to withdraw any of the deposit prior to July 6, 1961, the effective date of Acts of 1961, ch. 317, §1, but they were entitled to interest on the verdict. *Schnull v. Indianapolis Union Railway Company* (1921), 190 Ind. 572, 581, 131 N.E. 51, 53. We might also note that the aforementioned 1961 Act amended IC 1971, 32-11-1-8, to empower a property owner either to withdraw the deposit by posting surety and forfeiting his right to interest on that portion of the verdict or to not withdraw the deposit and collect interest on the entire verdict. *State v. Young* (1964), 246 Ind. 52, 199 N.E.2d 694, 698. In short, under the operative law during the period for which the judgment in this case awards interest (1960-1970) the landowners either could not withdraw the deposit at all or could do so only by posting sure-

---

1. The same 1975 amendment increased the interest rate from four to eight percent.

ty. No interest was awarded for any time after the effective date of the 1975 amendment.

The State contends, without citation of authority, that interest on the judgment should be allowed in conformity with IC 1971, § 32-11-1-8, as it existed on the date judgment was entered. The further contention is that since the statute now both permits a landowner to withdraw the amount of the State's final purchase order without posting surety and prohibits an award of interest on any amount that can be withdrawn without posting surety, the landowners herein are not entitled to interest for the time the money was on deposit even though they could not at that time withdraw the money without posting surety. Again, no authority is cited.[2]

In the absence of express language to the contrary, legislative enactments, including amendments to existing laws, are construed as being prospective in operation. This is especially true when the amendments affect vested rights and interests. *State v. Morand* (1976), 169 Ind.App. 604, 349 N.E.2d 718, 722; *State ex rel. Mental Health Commissioner v. Estate of Lotts* (1975), 165 Ind.App. 347, 332 N.E.2d 234, 237. The 1975 amendment of § 32-11-1-8 contains no language implying a retrospective legislative intent. Indeed, such an intent might be unconstitutional since the awarding of interest in earlier decisions was premised on the constitutional right to just compensation. Thus the judgment must be affirmed.

We further note that after the State's Motion to Correct Errors was overruled but before the record of this cause was filed the Third District of this Court issued its decision in *State v. Simley Corporation* (1976), 169 Ind.App. 650, 351 N.E.2d 41, holding that the trial court did not commit error in awarding interest on the entire verdict in a condemnation action since the record does not show that the State had filed a separate formal notice of its final order to purchase. Absent such notice the landowner was not able to withdraw the deposit without posting surety and thus the no-interest provision of IC 1971, 32-11-1-8(6) was not applicable.

---

2. The State's failure to cite *any* authority in support of its position could be treated as a waiver of the alleged error. *See State of Florida, ex rel. O'Malley v. Department of Insurance* (1973), 155 Ind.App. 168, 179, 291 N.E.2d 907, 914; AP. 8.3(A)(7).

*Simley Corporation* admittedly did not specifically state that the 1975 amendment was to be given only prospective application even though the logic of the opinion would force that conclusion. Any lingering doubt, however, was eliminated in *State v. Reuter* (1976), 170 Ind.App. 353, 352 N.E.2d 806, 808, wherein the Third District specifically held that it is the filing of the notice that enables the landowner to withdraw the amount of the final offer without posting surety, and that "It is *because* [original emphasis] the amounts may be so withdrawn, that *interest does not accrue upon them thereafter* (Our emphasis)." The *Reuter* opinion was handed down on August 19, 1976; fifty days later, on October 8, 1976, the State filed its brief in this case. The State did not seek rehearing or transfer of the *Simley Corporation* decision or of the *Reuter* decision.

By proceeding with this appeal even though the sole issue raised had been decided adverse to the State's position in two previous cases in which the State itself was a party, and by doing so through a brief devoid of cogent argument or citation of authority, the State has demonstrated bad faith sufficient to justify assessing damages against the State. *Kirck v. Farmers and Merchants Bank of Boswell* (1972), 151 Ind.App. 7, 18, 279 N.E.2d 254, 261. Such damages are to be in the amount of One Thousand One Hundred Twenty-two and Sixty Hundredths Dollars ($1,122.60), which amounts to ten percent of the judgment, including interest property computed, entered against the State.

The judgment is affirmed with ten percent penalty and the cause is remanded for execution in accordance with Appellate Rule 15(G).

Staton, J., participating by designation, concurs.

Buchanan, C.J., dissents with opinion.

## DISSENT

BUCHANAN, C.J.—I object to assessing a penalty of ten per cent under Appellate Rule 15(G).

It has been thirty-five years since the Indiana Supreme Court assessed a penalty on appeal. See *Kroeger Laundry & Dry Cleaners, Inc. v.*

*Williams* (1943), 221 Ind. 299, 47 N.E.2d 612; *Bradford Homes, Inc. v. Long* (1943), 221 Ind. 309, 47 N.E.2d 609.

On Petition for Rehearing In *Annee v. State* (1971), 256 Ind. 686, 274 N.E.2d 260, the Supreme Court in a condemnation case in which the State appealed, refused to assess ten percent damages (under then Appellate Rule 15(F)) saying:

> [Such] damages . . . are discretionary with this Court and we feel they should not be issued *without a strong showing of bad faith* on the part of the [appellant] . . . (emphasis supplied)

This court has only awarded damages against an appellant in one case in recent years, to-wit: *Krick v. Farmers and Merchants Bank of Boswell* (1972), 151 Ind.App. 7, 279 N.E.2d 254, in which it was found that:

> This appeal is devoid of merit. The record is replete with delay, bad faith, and harassment.

This court, like the Supreme Court, has been reluctant to asses damages in appeals unless there is a "strong showing of bad faith on the part of the appellant." *See House v. Lesow* (1975), 167 Ind.App. 449, 339 N.E.2d 86; *American Savings & Loan Ass'n of Hammond v. Hoosier State Bank* (1975), 167 Ind.App. 43, 337 N.E.2d 486; *Hobby Shops, Inc. v. Drudy* (1974), 161 Ind.App. 699, 317 N.E.2d 473; *King v. Pollard* (1974), 160 Ind.App. 209, 311 N.E.2d 454; *Kourlias v. Hawkins* (1972), 153 Ind.App. 411, 287 N.E.2d 764.

While it is true that cases adverse to the appellant-State's position in this appeal were handed down during the time the appeal was being perfected, those cases, *State v. Simley Corporation* (1976), 169 Ind.App. 650, 351 N.E.2d 41, and *State v. Reuter* (1976), 170 Ind.App. 353, 352 N.E.2d 806, were decisions of the Third District of this court. Hoping for a different decision in the Second District of this court is not the kind of bad faith, harassment or vexatious conduct which Appellate Rule 15(G) (formerly 15(F)) has been construed to contemplate.[1]

---

1. It could be argued that this Court does not have the authority to assess such a penalty against the State. Under common law principles, such an award would have been questionable. *See City of Gary v. Falcone* (1976), 169 Ind.App. 295, 348 N.E.2d 41.

However, the common law in this area has been superseded by IND. CODE 34-4-16.5-4,

The State's conduct in pursuing this appeal in the face of adverse decisions from another District of this court is a far cry from the conduct of the appellant in *Krick*, in which damages were assessed, and in my opinion even falls short of the conduct of the appellant in *King v. Pollard, supra*, in which assessment of damages was denied.

It would be less than realistic to assume that parties to any litigation are not going to seek the most favorable forum, or a forum which at least has not shown itself to be contrary to the litigant's position. In my opinion, seeking a favorable forum, if such it be, does not as such amount to an exhibition of bad faith justifying the assessment of damages under Appellate Rule 15(G).

NOTE—Reported at 377 N.E.2d 893.

which states in pertinent part: "A governmental entity is not liable for punitive damages." Although the provision is part of the Indiana Tort Claims Act, nothing in the Act attempts to limit its application solely to tort claims against the State.

The assessment under AP. 15(G) would appear to be a penalty—an award of punitive damages to punish the State. As such, it would fall within the prohibition of IND. CODE 34-4-16.5-4. Perhaps the public policy is based on Pogo's famous commentary that I have met the enemy and he is us.