STATE of Indiana, Appellant,

v.

Floyd TURNER and Florence Turner (H&W) C. R. Morris Construction Co., Auditor of Marion County, Treasurer of Marion County, Appellees.

No. 2–1177–A–436.

Court of Appeals of Indiana, Second District.

March 5, 1979.

Theodore L. Sendak, Atty. Gen. of Indiana, Harvey M. Kagan, Deputy Atty. Gen., Indianapolis, for appellant.

William Levy, Levy and McMahan, Indianapolis, for appellees, Floyd Turner and Florence Turner.

BUCHANAN, Chief Judge.

## STATEMENT OF THE CASE

The State appeals the trial court's award of $2,798.86 in interest on damages awarded in a condemnation action, claiming the interest award was contrary to Ind.Code (1976) 32–11–1–8 (Sixth).

We affirm.

## FACTS

This case involves the proper award of damages for the State's appropriation of real estate owned by the appellees (Turners). On March 23, 1970, appraisers filed their report with the trial court showing damages of $61,400, to which the State filed exceptions. The State offered $34,560, which was refused. The State, in accordance with Ind.Code 32–11–1–8, deposited

$60,400 with the clerk of Marion County, of which the Turners withdrew $60,384.08.

Seven years later, the case went to trial. On June 1, 1977, the jury returned a verdict in favor of the Turners for $65,000 plus interest to be computed by the court. The court computed the interest under Ind.Code 32–11–1–8 as follows: $186.79 based on the difference between the jury verdict ($65,-000) and the State's offer ($34,560) for the 28 days between the State's deposit of $60,-400 with the clerk of Marion County and the Turners' withdrawal of all but $16 of those funds; and $2,612.07 based on the difference between the jury verdict ($65,-000) and the amount withdrawn by the Turners ($60,384.08) for seven years, eighteen days. The State claims this latter award is in error.

## ISSUE

The sole issue on appeal is whether the court awarded the proper amount of interest under Ind.Code (1976) 32–11–1–8 (Sixth).

The State contends that under the statutory provision interest may be awarded only to the extent that the jury's verdict exceeds the amount of the State's offer *plus* the amount withdrawn by the Turners from the funds placed with the clerk of Marion County.

The Turners maintain that the State's interpretation of this statute is contrary to both legislative intent and to case law.

## DECISION

█ *CONCLUSION*—The trial court properly computed damages under Ind.Code 32–11–1–8 (Sixth).

Ind.Code (1976) 32–11–1–8 states:

Sixth. In any trial of exceptions, the court or jury shall compute and allow interest at the rate of eight percent (8%) per annum on the amount of a defendant's damages from the date plaintiff takes possession of the property; *but in no event shall any interest be allowed on any amount of money paid by the plaintiff to the clerk of the court after the same is withdrawn by the defendant and furthermore, in no event shall interest be allowed on that amount of money paid by the plaintiff to the clerk of the court which is equal to the amount of damages previously offered by the plaintiff to any defendant and which amount can be withdrawn by the defendant without filing any written undertaking or surety with the court for the withdrawal of that amount.* (Emphasis supplied)

█ Words and phrases in statutes should be given their plain, ordinary and usual meaning. *United Farm Bureau Mutual Insurance Co. v. Hanley* (1977), Ind. App., 360 N.E.2d 247; *State v. Bress* (1976), Ind.App., 349 N.E.2d 229; Ind.Code (1976) 1–1–4–1. If the intent of a statute is unmistakable and its meaning so plain and unambiguous that there is no room for judicial construction, we will adopt the meaning plainly expressed. *United Farm Bureau Mutual Insurance Co. v. Hanley, supra; State v. Bress, supra.*

█ The meaning of Ind.Code 32–11–1–8 (Sixth) is clear and unambiguous. Interest will not accrue on any funds deposited with the county clerk and then withdrawn by the defendant (in this case $60,384.08). But even if no money is withdrawn, no interest accrues on an amount of damages previously offered to the defendant (here $34,560) which can be withdrawn without filing any surety with the court. This assures that the State will not pay interest upon funds which are in the hands of, or freely available to, the defendant.

This interpretation is in accord with the holding of *State v. Reuter* (1976), Ind.App., 352 N.E.2d 806, wherein Judge Garrard wrote:

The section removes from the calculation [of interest] any amount withdrawn from the court by defendants *or* any amount that defendants could have withdrawn without the filing of a written undertaking or surety. (Emphasis supplied)

352 N.E.2d at 808.

We are unable to find any language in the statute which supports the State's inter-

pretation that the damages free from interest is the total of any damages previously offered *plus* the funds withdrawn by the defendant from those placed on deposit with the clerk. Such an interpretation would allow the State to twice add the same funds in reaching the amount of damages free from interest—an absurd result.[1] It cannot be presumed that our legislators expect their enactments to be applied in an illogical or absurd manner. *Pryor v. State* (1973), 260 Ind. 408, 296 N.E.2d 125; *Jackson v. Barnhill* (1972), 257 Ind. 588, 277 N.E.2d 162.

The trial court properly computed interest on the judgment.

Affirmed.

SHIELDS, J., concurs.

SULLIVAN, J., concurs in part and dissents in part, with opinion.

SULLIVAN, Judge, concurring in part and dissenting in part:

I agree that the trial court properly computed interest upon the judgment and that the judgment must be affirmed but I would go further and, pursuant to Indiana Rules of Procedure AP 15(G), assess additional damages of 10%, i. e., $279.89, against the State. See *State v. Denny*, (2d Dist. 1978) Ind.App., 377 N.E.2d 893.

I would do so because I heartily agree with the majority's characterization of the State's argument as an "absurdity". (majority opinion, footnote 1). The State's position is patently specious. The State should compensate Turners even though the maximum amount allowable is miniscule.

1. This absurdity may be illustrated by the use of the hypothesis contained in the appellees' brief. Assuming the State offers $60,000, the court appraiser's award is $61,000, and the ultimate jury verdict is $65,000. Under the State's interpretation of the statute, if the landowner withdraws only the amount of the State's offer ($60,000) then he would be entitled to interest on the difference between that amount and the amount of the ultimate verdict ($65,000), or interest computed on $5,000. If, however, the landowner elects to withdraw the entire $61,000 which was deposited, then the landowner would not be entitled to any interest unless the verdict rendered exceeded $121,000 ($60,000 plus $61,000). Such a result is illogical on its face.