**STATE of Indiana, Appellant,**

**v.**

**Forest L. DENNY and Roberta Denny (H&W), Appellees.**

**No. 2-876A287.**

Court of Appeals of Indiana, Second District.

Aug. 25, 1980.

Theodore L. Sendak, Atty. Gen., John P. Avery, Deputy Atty. Gen., Indianapolis, for appellant.

Norman E. Brennan, Indianapolis, for appellees.

SHIELDS, Judge.[1]

This cause was remanded to this court by the decision of the Supreme Court of Indiana, *State v. Denny*, (1980) Ind., 406 N.E.2d 240. In conformity with the instruction on remand, the opinion of this court rendered

1. The writer wishes to acknowledge this opinion is *verbatim* the opinion of Judge Charles White with the exception of language struck pursuant to the order of the Supreme Court.

June 27, 1978[2] is ordered vacated and we readdress the sole issue raised by the State of Indiana in its appeal from the judgment entered in an eminent domain action: Whether the interest awarded the appellees, landowners, was correctly computed. We affirm.

The record shows the following sequence of events:

| | |
|---|---|
| Jan. 11, 1960 | Complaint filed. |
| Feb. 15, 1960 | Appraisers' report filed (damages $19,314.00). |
| Feb. 15, 1960 | State's exceptions to appraisers' report filed. |
| Mar. 4, 1960 | State deposits the sum of $19,314.00 with court; gains right to enter upon property. |
| Jan. 29, 1970 | Landowner posts sufficient security, withdraws funds on deposit. |
| Oct. 16, 1975 | Trial commenced. |
| Oct. 17, 1975 | Jury awards landowners damages in the amount of $8,000.00. |
| Oct. 18, 1975 | State files notice that it had offered landowners damages in the amount of $7,597.00. |
| Oct. 18, 1975–April 20, 1976 | Parties and court have informal discussions on interest to be awarded. |
| April 20, 1976 | Court enters judgment with 4% simple interest on the verdict from March 4, 1960 until January 29, 1970 ($3,226.00). |

The State argues that interest should be paid only on the sum of $403.00, the difference between its final offer and the jury's verdict, since at the time of judgment Section 8 of Acts of 1905, ch. 48, the Eminent Domain Act of 1905, had been amended by Acts of 1975, P.L. 301, § 1, to provide in part:

"Fourth . . . [appraisers' award deposited with court by condemnor cannot be withdrawn by landowner without posting of surety] . . . . Also, Provided, that no surety or written undertaking shall be required in order for a defendant to withdraw those amounts previously offered by the plaintiff to the defendant, providing the plaintiff has previously notified the court in writing of the amounts so offered. . . .

\* \* \* \* \* \*

"Sixth. In any trial or exceptions, the court or jury shall compute and allow interest at the rate of eight per cent[3] per annum on the amount of a defendant's damages from the date plaintiff takes possession of the property; but . . . in no event shall interest be allowed on that amount of money paid by the plaintiff to the clerk of the court which is equal to the amount of damages previously offered by the plaintiff to any defendant and which amount can be withdrawn by the defendant without filing any written undertaking or surety with the court for the withdrawal of that amount."

The State contends, without citation of authority, that since the above statute was in effect at the time of judgment interest on the award must be computed as provided therein. Thus, it concludes, interest should not be paid on that amount of the verdict that represents the State's final offer to the landowners prior to initiation of the condemnation proceedings.

We need not delve too deeply into the history of the eminent domain act to decide this appeal. We might note that because this action was tried on the State's exceptions to the appraisers' award the landowners were unable to withdraw any of the deposit prior to July 6, 1961, the effective date of Acts of 1961, ch. 317, § 1, but they were entitled to interest on the verdict. *Schnull v. Indianapolis Union Railway Company,* (1921) 190 Ind. 572, 581, 131 N.E. 51, 53. We might also note that the aforementioned 1961 Act amended IC 1971, 32–11–1–8, to empower a property owner either to withdraw the deposit by posting surety and forfeiting his right to interest on that portion of the verdict or to not withdraw the deposit and collect interest on the entire verdict. *State v. Young,* (1964) 246 Ind. 52, 199 N.E.2d 694, 698. In short, under the

2. *State v. Denny,* (1978) Ind.App., 377 N.E.2d 893.

3. The same 1975 amendment increased the interest rate from four to eight percent.

operative law during the period for which the judgment in this case awards interest (1960–1970) the landowners either could not withdraw the deposit at all or could do so only by posting surety. No interest was awarded for any time after the effective date of the 1975 amendment.

The State contends, without citation of authority, that interest on the judgment should be allowed in conformity with IC 1971, § 32–11–1–8, as it existed on the date judgment was entered. The further contention is that since the statute now both permits a landowner to withdraw the amount of the State's final purchase order without posting surety and prohibits an award of interest on any amount that can be withdrawn without posting surety, the landowners herein are not entitled to interest for the time the money was on deposit even though they could not at that time withdraw the money without posting surety. Again, no authority is cited.[4]

In the absence of express language to the contrary, legislative enactments, including amendments to existing laws, are construed as being prospective in operation. This is especially true when the amendments affect vested rights and interests. *State v. Morand*, (1976) Ind.App., 349 N.E.2d 718, 722; *State ex rel. Mental Health Commissioner v. Estate of Lotts* (1975) 165 Ind.App. 347, 332 N.E.2d 234, 237. The 1975 amendment of § 32–11–1–8 contains no language implying a retrospective legislative intent. Indeed, such an intent might be unconstitutional since the awarding of interest in earlier decisions was premised on the constitutional right to just compensation. Thus the judgment must be affirmed.

We further note that after the State's Motion to Correct Errors was overruled but before the record of this cause was filed the Third District of this Court issued its decision in *State v. Simley Corporation*, (1976) Ind.App., 351 N.E.2d 41, holding that the trial court did not commit error in awarding

interest on the entire verdict in a condemnation action since the record does not show that the State had filed a separate formal notice of its final order to purchase. Absent such notice the landowner was not able to withdraw the deposit without posting surety and thus the no–interest provision of IC 1971, 32–11–1–8(6) was not applicable.

*Simley Corporation* admittedly did not specifically state that the 1975 amendment was to be given only prospective application even though the logic of the opinion would force that conclusion. Any lingering doubt, however, was eliminated in *State v. Reuter*, (1976) Ind.App., 352 N.E.2d 806, 808, wherein the Third District specifically held that it is the filing of the notice that enables the landowner to withdraw the amount of the final offer without posting surety, and that "It is *because* [original emphasis] the amounts may be so withdrawn, that *interest does not accrue upon them thereafter* (Our emphasis)." The *Reuter* opinion was handed down on August 19, 1976; fifty days later, on October 8, 1976, the State filed its brief in this case. The State did not seek rehearing or transfer of the *Simley Corporation* decision or of the *Reuter* decision.

The judgment is affirmed.

BUCHANAN, C. J., and STATON, J., sitting by designation, concur.

---

4. The State's failure to cite *any* authority in support of its position could be treated as a waiver of the alleged error. *See State of Flori-* da, ex rel. O'Malley v. Department of Insurance, (1973) 155 Ind.App. 168, 179, 291 N.E.2d 907, 914; AP. 8.3(A)(7).