In re the Petition for the ADOPTION
OF Lucas Peter AUGUSTYNIAK.

Randall Gene BRUICK, Appellant
(Petitioner Below),

v.

Peter G. AUGUSTYNIAK, Appellee
(Respondent Below).

No. 02A03–8607–CV–00183.

Court of Appeals of Indiana,
Third District.

June 10, 1987.

Andrew M. Goeglein, Nieter, Cappelli &
Goeglein, Fort Wayne, for appellant.

Douglas O. Beerbower, Fort Wayne, for
appellee.

### OPINION ON PETITION FOR REHEARING

STATON, Judge.

Bruick petitions for rehearing of our opinion at 505 N.E.2d 868.

Bruick appealed the trial court's denial of his petition to adopt Lucas Peter Augustyniak. We affirmed, addressing one issue:

> Whether the natural father's (Augustyniak's) consent to the adoption was required under IC 31–3–1–6(g)(1).

■ IC 31–3–1–6(g)(1) provides that consent to adoption is not required of the non-custodial parent if the petitioner can prove either that (1) the parent failed without justifiable cause to communicate significantly with the child when able to do so for at least one year or (2) he failed to support the child as required by judicial decree when able to do so for at least one year. A petitioner bears the burden of proving the statutory criteria in IC 31–3–1–6(g)(1) by clear, cogent, and indubitable evidence. *Matter of Leckrone* (1980), Ind. App., 413 N.E.2d 977, 979.

We held that Bruick failed to meet this burden of proof in establishing that Augustyniak was able to communicate significantly with the child or that Augustyniak was able to pay court-ordered child support.

■ In his petition for rehearing, Bruick contends the Court erred as a matter of law in holding that he failed to meet the burden of proof in establishing that Augustyniak was able to pay court-ordered child support. In our opinion, we stated:

Here, Bruick's assertion that Augustyniak was able to pay the ordered support is based upon a showing that in a period of three years, Augustyniak earned an income of $27,650.00, or approximately $9,000.00 a year before taxes. Standing alone, that is not sufficient to indicate Augustyniak's ability to pay support of twenty dollars a week.

Bruick correctly points out that the record shows that Augustyniak earned $27,650.00 in a period of *two*, not three, years. Thus, he states the Court's ruling was not supported by the record. He further points out that between January 5, 1984, and March 10, 1985, Augustyniak had income of $16,000.00 and paid no child support at all.

Bruick confuses our reasoning with mathematics. Although it is regrettable that our mathematics were in error, our opinion was premised, not on those figures, but, on the sufficiency of those figures in proving that Augustyniak was able to make the child support payments as required by judicial decree.

A petitioner for adoption must show that the non-custodial parent had the ability to make the payments which he failed to make. That ability cannot be adequately shown by proof of income standing alone. To determine that ability, it is necessary to consider the totality of the circumstances. In addition to income, it is necessary to consider whether that income is steady or sporadic and what the non-custodial parent's necessary and reasonable expenses were during the period in question. There may be a level of income so high that, standing alone, it would be sufficient to show the ability to make child support payments. But, that level was not reached here.

Bruick argues that Indiana courts have traditionally looked only to the employment and income of the natural father in determining whether he had the ability to pay the court-ordered child support. To support this contention, he cites two Indiana Supreme Court decisions: *In Re Adoption of Jackson* (1972), 257 Ind. 588, 277 N.E.2d 162 and *In Re Adoption of Infants Reynard* (1969), 252 Ind. 632, 251 N.E.2d 413.

He states:

The ruling precedent is that where a natural father has been steadily employed and in good health for the period of time in which he is to pay child support and fails to do so when he knows he is to pay child support, the trial court is justified in saying that such failure to pay is willful.

In *Jackson*, the trial court granted the appellee's petition for adoption, holding that the natural father's consent was not necessary. This case is distinguishable from *Jackson* in two ways. First, here, the trial court *denied* the petition for adoption, thus, we do not disturb the judge's decision unless the evidence at trial led to but one conclusion and the trial court reached an opposite conclusion. *Matter of Adoption of Hewitt* (1979), Ind. App., 396 N.E.2d 938, 943. Second, *Jackson* was decided in 1972; at that time, the consent statute stated:

Consent to adoption is not required of: ... a parent of a child in the custody of another person, if for a period of at least one [1] year, ... he *wilfully* fails to provide for the care and support of the child, when able to do so, as required by law or judicial decree.... (Emphasis added.)

IC 1971, 31–3–1–6(g)(1), 1971 Supp.

The evidence in *Jackson* revealed that when the natural father (Jackson) learned that the appellee and Jackson's former wife were living together out of wedlock, he decided he was not going to pay support.

Because of this testimony, the Court found that the natural father *willfully* failed to pay the support, making his consent to the adoption unnecessary. The Court does not address whether the natural father was able to make the payments. In fact, the natural father admitted he was financially able to pay support. *Jackson, supra*, 277 N.E.2d at 164. Thus, the case is not on point.

This case is also distinguishable from *Reynard*. When *Reynard* was decided in 1969, the applicable statute stated:

... *In all cases* where the father of any child ... has failed to pay any support money for a period of one (1) year immediately prior to the filing of adoption proceedings ..., the court may in its discretion not require the filing of a consent of the father in such instances.

Burns' Ind. Stat. Ann. Sec. 3–120, 1941.

Today's statute has liberalized the strict stance taken by the former statute. Now, consent is not dispensed with in *all cases* where the father failed to pay support; it is only dispensed with when, for a period of at least a year, he "knowingly fails to provide for the care and support of the child *when able to do so* as required by law or judicial decree." (Emphasis added.)

Finally, Bruick contends that the Court erred "in not upholding the public policy of the State of Indiana, which is to vigorously enforce child support orders." However, the enforcement of a child support order lies outside the province of an adoption proceeding. In an adoption proceeding, where the court is determining whether to sever the parent-child tie, the court is bound to follow the intent of the Legislature. In IC 31–3–1–6(g)(1), the Legislature has made it clear that a petitioner must first show that the non-custodial parent had the ability to pay court-ordered support before a court may dispense with consent in an adoption proceeding. Proof of employment and income are necessary components in determining that ability, but they are not the only components.

Petition for Rehearing is denied.

GARRARD, P.J., and ROBERTSON, J., concur.