ROBERT JOY *v.* STATE OF INDIANA.

[No. 1-107A184. Filed May 11, 1976.]

*Harriette Bailey Conn,* [*Mrs.*] Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

LYBROOK, J.—Following trial by jury, defendant-appellant Robert Joy was convicted of theft of property one hundred dollars ($100) or more in value and sentenced to imprisonment for not less than one nor more than ten years. IC 1971, 35-17-5-3, 35-17-5-12 (3) (Burns Code Ed.). His appeal presents the following issues for review:

(1) Whether the court erred in refusing to instruct the jury that theft of property under one hundred dollars

($100) in value was a lesser offense of which defendant might be found guilty.

(2) Whether the conviction is supported by sufficient evidence.

Defendant having failed to demonstrate reversible error, we affirm the judgment.

## I.

Even assuming *arguendo* that the offense of theft of property under one hundred dollars in value is necessarily included in theft of property one hundred dollars or more in value we find no error in the court's refusal of defendant's tendered instruction.

In *Hash* v. *State* (1972), 258 Ind. 692, 284 N.E.2d 770, the defendant was charged with robbery and convicted of theft from the person. On appeal, defendant argued that the court erred in refusing his tendered instruction on the offense of theft not from the person. After examining the relevant statutes and the charging affidavit, the Supreme Court agreed with defendant's contention that theft not from the person was necessarily an included offense in the charged offense of robbery. However, examination of the evidence presented at trial led the court to determine that the tendered instruction was properly refused. The court reasoned:

"... When we view the evidence in the case at bar, we at once must recognize that the only evidence of a 'taking' was that the money and French bills were taken from the person of Williamson. The only testimony to the contrary was that of the defendant, who testified that he found the French bills, which would be no offense. The jury would have been justified in finding for the defendant upon his testimony, or, as it did, for the State upon Williamson's testimony that the items were taken from his person. It could not, however, disbelieve the testimony of both Williamson and the defendant and speculate upon a third factual situation upon which there was no evidence. * * * If it [taking] was committed at all, it was a taking from the person of Williamson. There was a void as to any probative evidence from which the jury could find any other taking, and an instruc-

tion upon the lesser offense of simple theft would have been improper, as not being applicable to the evidence."

The evidence test found in *Hash* was again applied in *Hester* v. *State* (1974), 262 Ind. 284, 315 N.E.2d 351, to defeat the contention that the trial court erred in refusing to instruct that the offense of robbery alleged in the charge of felony murder was a necessarily included offense of which the jury might find the defendant guilty. The court wrote:

> ". . . [W]e are not prepared to say that there can be no conviction of the collateral crime alleged in a charge of felony murder. Should the affidavit or indictment and the evidence warrant a conviction of such collateral offense, an instruction with respect thereto would be proper. But in the case before us, all of the evidence before the jury was that the defendant committed the acts of robbery and murder upon the deceased and that he was guilty as charged, unless he was in fact of unsound mind at the time thereof. For the trial court to have instructed the jury that it could find the defendant not guilty as charged but guilty of robbery, as a lesser included offense, would have been to suggest to them a compromise verdict. Although compromise verdicts doubtlessly are often forthcoming, they are not sanctioned in law and certainly should not be court induced." See also, *Whitten* v. *State* (1975), 263 Ind. 407, 333 N.E.2d 86.

The affidavit in the case at bar charged defendant with theft of property valued at $2331.64. The only evidence of value received at trial was presented through the testimony of the owner of the business from which the property was taken. He valued his loss in excess of $2300. This testimony was uncontradicted, and we agree with the State's contention that a finding by the jury that the property had a value of less than one hundred dollars would have been pure speculation and devoid of evidentiary support. Therefore, defendant's tendered instruction was properly refused.

## II.

Defendant recognizes that a conviction may be based upon the uncorroborated testimony of an accomplice. *Green* v. *State*

(1960), 241 Ind. 96, 168 N.E.2d 345. However, he seizes upon the admonition in *Green* that such testimony should be closely scrutinized and cautiously received. He argues that had the jury properly applied this standard in considering the accomplice testimony, it could not have found him guilty beyond a reasonable doubt. In support of his contention, defendant points to certain alleged inconsistencies and contradictions in the accomplice testimony.

It is so well settled as to need no citation of authority that this court may not weigh evidence or resolve questions of credibility of witnesses. Therefore, we must decline defendant's invitation to determine the credibility of his accomplice. We clearly cannot say as a matter of law that the jury should have disbelieved the accomplice testimony.

Defendant having failed to demonstrate reversible error, the judgment must be and is hereby affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported 346 N.E.2d 604.