STEVE LEE ELLIS *v.* STATE OF INDIANA.

[No. 2-1276A474. Filed May 23, 1977.]

*James F. McGuire,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Gerald M. Arthur,* Deputy Attorney General, for appellee.

SULLIVAN, J.—Ellis was charged and convicted by jury of second degree burglary. The court refused to instruct the jury on the necessarily lesser included offense of entering to commit a felony. Such refusal constitutes reversible error.

*Lee* v. *State* (1972), 259 Ind. 301, 286 N.E.2d 840; *Watford* v. *State* (1957), 237 Ind. 10, 143 N.E.2d 405. We reverse.

Our determination in this regard is unaffected by the State's counter-argument that such error was waived by Ellis' failure to tender a written instruction upon the lesser offense. *Cf., Barker* v. *State* (1957), 238 Ind. 271, 150 N.E.2d 680; *Moses* v. *State* (1976), 170 Ind. App. 451, 352 N.E.2d 851 at 853. Such written tender would have been a futile gesture and the issue was adequately preserved as disclosed by the following colloquy of record between the court and co-counsel for Ellis:

> "*Mr. Roberts:* Do we need to make an oral motion for the lesser includeds, then, your Honor, based on this evidence?
> *Court:* You make your oral motion, you have made it, it's on the record. I'm going to give that thought, I doubt very seriously whether I will or not, I want to think about that, when you come back I'll tell you. You've made your Motion and so far as I'm concerned I'll let you have record that way without tendering the Instructions. You may tender them if you want to, but the issue is very sharp. I don't think you should be denied a decision in the Court of Appeals, because you just don't have them written out and hand them up here to me, because I know what they are, and I'll tell you whether I'm going to give them or not.
> *Mr. Teirumniks:* Thank you, your honor."

(Record pp. 140-141).

After the noon recess, the Judge ruled as follows:

> "*Court:* That's right, it will be the ruling of the Court, that under the evidence, lesser included offenses should not be submitted to the Jury, and the Court's Instruction on the verdict forms. *The Court expressly excuses Counsel from tendering specific Instructions in order to preserve that point, because I've told you that I would not give them,* be they correct Instructions or incorrect Instructions upon the particular offenses which might be included.
> *Mr. Teirumniks:* Your Honor, for the record, what we feel would have been appropriate lesser included offenses, would have been Entering to Commit a Felony and also Malicious Trespass as presented under the evidence in this case."
> "*Court:* Well, I am satisfied with the ruling, but that is proper, you should have stated what you want your Instructions on and if you tendered me appropriate Instructions in

that case, Mr. Teirumniks, I would decline to give them; *so it's no use to do the futile thing; we'll consider it as though they were.*

*Mr. Teirumniks:* Thank you, Your Honor."

(Record pp. 155-156; emphasis supplied).

The judgment is reversed with instructions to grant Ellis a new trial.

Buchanan, P.J., concurs.

Staton, J. (participating by designation), concurs.

NOTE.—Reported at 362 N.E.2d 1162.