BARRY HARRIS *v.* STATE OF INDIANA.

[No. 576S149.  Filed August 26, 1977.]

*Robert W. Hammerle,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellee.

HUNTER, J.—Barry Harris, the defendant, was charged by way of information with commission of a felony while armed, to wit: robbery.  A jury returned a verdict of guilty and assessed the penalty that the defendant be imprisoned for a determinate term of twenty [20] years.  From a judgment entered on that verdict the defendant appeals raising two issues:

1) Whether it was error for the trial court to refuse his tendered instructions on lesser included offenses; and

2) Whether it was error for the trial court to give an instruction to the jury advising them on factors for the assessment of a penalty.

## I.

The defendant presented instructions covering the crimes of robbery, assault with intent to commit a felony, theft, assault and battery and assault. The trial court refused these instructions. He gave an instruction on armed robbery and on aiding or abetting an armed robbery. The defendant contends that the failure of the trial court to instruct the jury on these lesser included offenses was reversible error. He asserts that since the jury is the exclusive determiner of the facts, to refuse these instructions denied him the right to trial by jury.

The relevant statute provides that in all cases other than those involving different degrees,

> "[T]he defendant *may be found guilty* of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or information." Ind. Code § 35-1-39-2 (Burns 1975, adopted 1905) (emphasis added).

As a general rule this statute entitles the accused to an instruction on all offenses necessarily included in the offense charged. *Watford* v. *State,* (1957) 237 Ind. 10, 143 N.E.2d 405. However, the test for determining whether it was error for the trial court to refuse instructions on lesser offenses is not only whether the lesser offense is necessarily included within the greater offense, as charged, but also, whether there was evidence adduced at trial to which the included offense instruction was applicable. *Hester* v. *State,* (1974) 262 Ind. 284, 315 N.E.2d 351; *Hash* v. *State,* (1972) 258 Ind. 692, 284 N.E.2d 770.

This aspect of the test derives from the well established principle that instructions must be within the issues and the

evidence. This does not usurp the jury's right to determine the facts. *Cole* v. *State*, (1922) 192 Ind. 29, 134 N.E. 867.

In this case all the evidence indicated the guilt of the defendant as charged. The gas station attendant testified that the defendant was dropped off at the gas station by an older model Plymouth. The defendant approached the attendant and asked for change. He then raised a .32 caliber pistol to the attendant's head and demanded money. The defendant took bills and change from the attendant and from the gas station office. He also took cartons of cigarettes from the office before locking the attendant in a cabinet. Seven other witnesses corroborated various aspects of the attendant's testimony. These other witnesses were police officers who captured the defendant and his accomplices, and one who was a customer of the station during the robbery. No evidence was presented by the defendant.

The jury was instructed as to the elements of armed robbery and returned a verdict of guilty. To do so they must have found all of the elements of that offense present beyond a reasonable doubt. If they had found any element absent they were instructed to acquit the defendant. As was stated in *Hester* v. *State, supra,* to have given the requested instructions, would have suggested a compromise verdict, which are not sanctioned in law and should not be encouraged.

## II.

The defendant also objects to the following portion of an instruction given by the trial court:

"If the law gives you discretion in fixing the penalty, then you must discharge that grave responsibility.

"The range of penalties, prescribed by law, constitute a scale upon which you should grade the gravity of the defendant's conduct in the commission of that particular crime.

"In so doing, weigh the degree of disregard for the rights of others, the probability of reformation or resumption of criminal conduct, and the necessity of protecting society

by deterrent example and by isolating the accused from criminal opportunities.

"Do not consider the financial, racial, religious or social status of the accused.

"Assess any penalty with resolution but without ill will, favoritism or bias."

The defendant objected on the basis that the instruction invites jury consideration of matters not in evidence, and that it placed undue emphasis upon the defendant's age, which was in evidence.

We have previously considered and approved this instruction.

"This instruction did not direct the jury to consider evidence outside the record. . . . Any such interpretation was corrected by Court's Instruction 4P, which instructed the jury to determine facts only from evidence admitted in open court."

*Brown* v. *State,* (1977) 266 Ind. 82, 360 N.E.2d 830 at 836-7. This instruction does not place undue stress upon the defendant's age, nor does it necessarily single out those of an older age for more severe punishment. The instruction does not mention age as a factor in assessing a penalty and neither is it a necessary implication from the factors enumerated.

There was no error in the giving of this instruction.

For all the foregoing reasons there is no trial court error and the judgment should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 366 N.E.2d 186.