ANTHONY L. LASH *v.* STATE OF INDIANA

[No. 2-676A215. Filed September 8, 1977.]

*David W. Foley, Mullin, Foley & Gilroy,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Susan J. Davis,* Deputy Attorney General, for appellee.

WHITE, J.—The evidence most favorable to the State discloses that Lash and two others entered a pizza restaurant and at gunpoint took the cash register receipts and money from the purses of two employees. Lash was subsequently tried on a three count information charging each of the takings as a separate armed robbery. The jury found him guilty on each count. Lash contends that the court erred (1) in denying his motion for severance of the charges, (2) in its jury instructions on the concepts of reasonable

doubt and degree of certainty, and (3) in its refusal to give instructions on lesser included offenses. We affirm.

Lash's severance argument is without merit. Ind. Ann. Stat. § 35-3.1-1-9 (Burns Code Ed., 1975) authorizes joinder of two or more crimes if they are of the same or similar character or if they "are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan." Section 35-3.1-1-11 gives a defendant an absolute right to severance of offenses only if they are joined solely on the ground that they are of the same or similar character. In all other cases severance is granted only if "the court determines that it is appropriate to promote a fair determination of the defendant's guilt or innocence of each crime." Lash's offenses were not joined solely because they were of the same or similar character, and Lash has not shown that the denial of the severance prevented or hindered a fair determination of his guilt or innocence.

In *Randolph v. State* (1977), 266 Ind. 179, 361 N.E.2d 900, the court had before it precisely the same question as to reasonable doubt instructions that Lash raises here. That opinion rejected the same contentions Lash makes here. We are bound by that decision and also by *Brown v. State* (1977), 266 Ind. 82, 360 N.E.2d 830, to the same effect. On that authority we overrule *Toliver v. State* (1976), 171 Ind. App. 235, 355 N.E.2d 856, and hold that the trial court committed no error as to reasonable doubt instructions.

Lash tendered several instructions telling the jury it could find him guilty of offenses he contends are lesser offenses included in the armed robberies charged. We need not concern ourselves with whether each or any of those offenses are included offenses since all the evidence before the jury was to the effect that the three robberies were committed as charged. It would appear that the jury could possibly have entertained a reasonable doubt that Lash was one of the robbers and conceivably, but improbably, it could have doubted that any crime was committed, but there is no reasonable basis on which it could have found that if one or more crimes were committed they

were anything less than the armed robberies charged. Nor does Lash so contend. Consequently the trial court was not required to instruct on lesser included offenses whatever they may be. *Hester v. State* (1974), 262 Ind. 284, 290-291, 315 N.E.2d 351, 354; *Candler v. State* (1977), 266 Ind. 440, 363 N.E.2d 1233, 1243; *Harris v. State* (1977), 266 Ind. 661, 366 N.E.2d 186.

The cases cited by Lash, including *Hazlett v. State* (1951), 229 Ind. 577, 585-586, 99 N.E.2d 743, 746, and *Watford v. State* (1957), 237 Ind. 10, 16, 143 N.E.2d 405, 407, and many others of both ancient and recent vintage, have been impliedly overruled by the above cited *Hester, Candler,* and *Harris.* We now expressly overrule *Ellis v. State* (1977), 173 Ind. App. 131, 362 N.E.2d 1162.

The judgment is affirmed.

Sullivan, P.J., and Buchanan, J., concur.

NOTE — Reported at 367 N.E.2d 10.