JAMES V. GILBERT *v.* STATE OF INDIANA

[No. 3-477A104. Filed November 17, 1977. Rehearing denied January 13, 1978. Transfer denied May 4, 1978.]

---

*Edward P. Dumas, Dumas & Moriarty,* of Rensselaer, for appellant.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellee.

GARRARD, J.— Appellant Gilbert was tried by jury and convicted of (a) operating a motor vehicle after having been adjudged an habitual traffic offender, and (b) driving under the influence of intoxicating liquor.

No error is assigned concerning the conviction for driving under the influence, and that conviction is affirmed.

Four errors are assigned attacking the conviction for operating a motor vehicle after having been adjudged an habitual traffic offender.[1]

The statute, IC 1971, 9-4-13-14, provides:

"Any person found to be an habitual traffic offender under the provisions of this chapter [9-4-13-1 — 9-4-13-19], and who thereafter operates a motor vehicle in this state while the order of the court prohibiting such operation remains in effect, shall upon conviction be imprisoned for a period of not less than one [1] year nor more than five [5] years. The court in its discretion may suspend up to one hundred eighty [180] days of the sentence. In addition, a conviction for this felony shall work a forfeiture of the privilege of operating a motor vehicle in this state for the life of the person so convicted: Provided, however, That in cases wherein the prohibited operation of a motor vehicle by an habitual traffic offender is necessitated in situations of extreme emergency in order to save life, limb, or property, the penalty or forfeiture, or any part thereof, may be suspended."

Prior to trial the state filed a motion in limine to preclude the defendant from referring to his reasons for driving at the time of his arrest. The court interpreted the proviso in the statute to apply only to its function in sentencing and not to the issue of

---

1. Two of the assigned errors deal with the first issue and do not require separate treatment.

guilt or innocence. It therefore granted the motion and ordered that the defendant "refrain from interjecting into evidence in this cause any reference to the nature of the purpose for the driving except as it may relate to the res gestae of the offense." Gilbert asserts that whether he was driving because of extreme emergency in order to save life, limb or property creates a question of fact which should be determined by the jury.

The elements of the offense are set forth in IC 1971, 9-4-13-13. They are (1) operating any motor vehicle which is required to be registered (2) on public thoroughfares or on private property which is commonly used by the motoring public (3) by a person adjudged an habitual traffic offender (4) while the order prohibiting such person's operation of motor vehicles remains in effect.

The proviso of IC 1971, 9-4-13-14 does not purport to alter the elements of the offense or create a defense to the charge. It is addressed to the court's sentencing function and permits suspension of all or part of the penalty while the operation of the vehicle was occasioned by emergency. However where such evidence exists,[2] its mitigating effect upon sentence and forfeiture are within the sound discretion of the court. Therefore, since motive is irrelevant to the guilt or innocence of the accused, the court did not err in its order. It is not reversible error to exclude evidence which is not relevant to the issues on trial. *McKee v. Hasler* (1951), 229 Ind. 437, 98 N.E.2d 657.

Gilbert asserts that the court erred in refusing a tendered instruction which would have permitted the jury to find him not guilty of driving as an adjudged habitual offender, but guilty of a lesser included offense: driving while license suspended or revoked. Admittedly the difference in the elements of these offenses is whether the accused has been adjudged an habitual traffic offender. However, in this case there was no dispute as to that element. Gilbert stipulated that he was an adjudged habitual traffic offender. Thus, although a jury

---

2. In fact Gilbert offered no evidence of emergency at sentencing, nor did he suggest at trial or on appeal that such evidence exists.

might have found him guilty of the lesser offense, if the court had given the tendered instruction it would have invited a compromise verdict not based upon the evidence. This we have held the court need not do. *Hester v. State* (1974), 262 Ind. 284, 315 N.E.2d 351; *Parrett v. State* (1928), 200 Ind. 7, 159 N.E. 755; *Joy v. State* (1976), 169 Ind. App. 130, 346 N.E.2d 604. There was no error in refusing the instruction.

Finally, Gilbert contends the statute is confusing in providing that the court may in its discretion suspend up to 180 days of the sentence. It is clear, however, that any such suspension is discretionary and in this case the court determined that no part of Gilbert's sentence should be suspended. Gilbert does not argue that the court abused its discretion in failing to suspend his sentence. Thus, he has failed to establish any adverse effect upon him from the statute's uncertainty.

Affirmed.

Staton, P.J. and Hoffman, J. concur.

NOTE—Reported at 369 N.E.2d 650.