**Ulysses H. GARRETT, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 979S247.**

Supreme Court of Indiana.

Dec. 31, 1980.

Timothy P. O'Connor, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged with conspiracy to commit the felony of first degree murder and first degree murder. He was acquitted of the conspiracy charge and convicted of second degree murder by jury.

The record discloses the following facts. The victim, Winston, was accosted by two men as he transported an employee to her home in his van. The employee was told to get out and leave. One of the assailants returned to a yellow van and closely followed the victim's van. Police, alerted by the employee's report of the incident, stopped Winston's van approximately three minutes after the abduction. After ordering the appellant from the van, the police found Winston, who had suffered a fatal shotgun blast in the head. A shotgun was found in the van.

The yellow van, driven by the other assailant, evaded arrest. The driver, identified as McClung, engaged an attorney and made a statement to police. At appellant's trial, McClung testified for the State. He stated that he was contacted by one Robert Jones who paid him $2,000 to kill the decedent. Jones and McClung then proceeded to work together; but after two unsuccessful attempts to kill the decedent, Jones backed out. McClung testified that he then contacted appellant regarding the killing and that appellant agreed to help for $300. McClung testified that appellant shot the decedent with a shotgun, after which McClung entered his own van and drove away.

Appellant claims the verdict of the jury is contrary to law and not sustained by sufficient evidence. He argues there is no evidence to support the jury's verdict of second degree murder. He claims that either the evidence supports a conviction of first degree murder, or necessitates acquittal. He cites *Pruitt v. State*, (1978) Ind., 382 N.E.2d 150, *Lash v. State*, (1977) Ind. App., 367 N.E.2d 10, *Joy v. State*, (1976) 169 Ind. App. 130, 346 N.E.2d 604. Appellant correctly states where the evidence, if believed, supports only the greater offense, and the basic issue to be decided is whether the defendant committed the offense, there is insufficient evidence to support a conviction of the lesser offense. In the above

cited cases, this Court and the Court of Appeals held that the trial courts did not err in refusing to instruct the jury on lesser included offenses because the evidence would not support a conviction of the lesser included offenses. However, in *O'Conner v. State*, (1980) Ind., 399 N.E.2d 364, 369, this Court stated the distinction between cases such as those above cited and cases such as the one at bar:

" 'This is an altogether different situation than one where the additional element contained in the greater offense is one of a state of mind which may be inferred, or not, from the overt acts. In a case such as first degree murder, for example, although the evidence clearly supports all the requisite elements, the jury may decline to believe that the act was premeditated or with malice and, under such circumstances, find a lesser offense not requiring such elements . . .' "

■ We do not weigh the evidence nor judge the credibility of witnesses, but look only to the evidence most favorable to the State and the reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt, the verdict will not be disturbed. *Mosley v. State*, (1977) 266 Ind. 675, 366 N.E.2d 648. We hold the records in the case at bar contain sufficient evidence to sustain the jury's verdict. We hold that neither the verdict of the jury, nor the judgment of the trial court is contrary to law.

Appellant next claims that Instruction Number 23 effectively denied him the presumption of innocence and precluded his right to a fair trial. Instruction Number 23 reads as follows:

"Under the laws of the State of Indiana, an accomplice is competent as a witness for the State in the trial of a criminal case. The evidence of an accomplice is to be received and weighed by the jury in the same manner and according to the same rules as the evidence of any other witness. It is the duty of the jury to carefully scrutinize the testimony of the accomplice; and, if his testimony should be found sufficiently satisfactory to establish guilt of the defendant beyond a reasonable doubt, the jury may return a verdict on his testimony alone."

Appellant claims this instruction raises the presumption that witness McClung was the appellant's accomplice before appellant's guilt was established by the jury, thereby prejudicing him in the eyes of the jury.

■ Appellant concedes the instruction was not objected to during the trial, raised in the motion to correct errors or in the belated motion to correct errors. However, he claims it constitutes fundamental error and should thus be considered by this Court. We have defined fundamental error as one which is so prejudicial to the defendant that he could not have had a fair trial. *Grier v. State*, (1968) 251 Ind. 214, 240 N.E.2d 494. Fundamental error must be error that "pervades the climate of the proceedings below, viewed as a whole, depriving the defendant of any realistic opportunity for a fair hearing." *Winston v. State*, (1975) 165 Ind.App. 369, 375, 332 N.E.2d 229, 232.

"[I]nstructions are to be considered with reference to each other and as an entirety, and error in a particular instruction will not justify a reversal unless the error is of such a nature that the whole charge of which it forms a part misleads the jury as to the law of the case. *Ferrier v. State*, (1977) 266 Ind. 117, 120–21, 361 N.E.2d 150, 152; *Tinsley v. State*, (1977) 265 Ind. 642, 646, 358 N.E.2d 743, 745." *Porter v. State*, (1979) Ind., 391 N.E.2d 801, 814. The trial court read instructions charging the jury as being the judge of the credibility of witnesses and the weight to be given to their testimony. The jury was also instructed regarding the presumption of innocence and the meaning of reasonable doubt.

■ We hold that the reading of Instruction Number 23, if presumed to be erroneous, did not rise to the level of fundamental error, nor did it when read with the other instructions mislead the jury as to the applicable law.

The trial court is in all things affirmed.

HUNTER, PIVARNIK and PRENTICE, JJ., concur.

DeBRULER, J., concurs in result.