**Sammy Lee JONES,
Defendant-Appellant,**

**v.**

**STATE of Indiana, Plaintiff-Appellee.**

**No. 3–1180A336.**

Court of Appeals of Indiana,
Third District.

May 27, 1981.
Rehearing Denied July 15, 1981.

Edward C. Hilgendorf, South Bend, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Presiding Judge.

Sammy Lee Jones was charged and convicted of burglary, a class C felony. In this appeal, Jones challenges the trial court's choice of final instructions given to the jury.

Jones argues that the trial court erred in refusing to give two of his tendered instructions. In effect, Jones' tendered instructions would have instructed the jury that it could have found Jones guilty of criminal trespass.

In *Estep v. State* (1979), Ind., 394 N.E.2d 111, the Indiana Supreme Court stated that " 'to be necessarily included in the greater offense, the lesser offense must be such that it is impossible to commit the greater

without having first committed the lesser.' " *Id.* at 113 citing *Watford v. State* (1957), 237 Ind. 10, at 15, 143 N.E.2d 405, at 407. Applying this standard to the present case it becomes apparent that the trial court did not err in refusing Jones' tendered instructions.

Jones' tendered instruction defined trespass as follows:

"A person who . . . knowingly or intentionally interferes with the possession or use of the property of another person without his consent . . . commits criminal trespass, a Class A misdemeanor."

Jones was charged with burglary. Specifically, the amended information charged that:

"On or about the 3rd day of December, 1977, in St. Joseph County, State of Indiana, one SAMMY LEE JONES did break and enter the building or structure of Stewart Insurance Agency, Inc., 116 West Park Lane, South Bend, Indiana, *with intent to commit a felony therein*, to-wit: Theft, by obtaining and exerting unauthorized control over the property of Stewart Insurance Agency, Inc., with intent to deprive Stewart Insurance Agency, Inc., of the value and use thereof.

"All of which is contrary to the form of the statute in such cases made and provided, to-wit: Indiana Code 35–43–2–1 and against the peace and dignity of the State of Indiana." (Emphasis added.)

█ A burglary is committed when a break and entry is effected with the intent to commit a felony. The intended felony need not be actually committed. If Jones had been charged with actually interfering with the possession of the property of another, then the instruction on trespass may have been proper. Jones was charged however with *intending* to interfere with the possession of the property of another. It was not necessary to commit the criminal trespass in order to commit the burglary. In this case criminal trespass is not a lesser included offense of burglary. *See, Estep v. State, supra.*

█ Jones next contends that the trial court erred in giving State's tendered Instruction No. 6. The instruction read:

"You are instructed that you may consider evidence of flight of the accused, if any, or [sic] showing consciousness of guilt, along with all the other evidence in the case."

Jones urges that flight was impossible because the building was surrounded by armed police officers.

The testimony of a police officer who was inside the building indicates that after he had ordered one of the suspects to halt, Jones ran past that subject, leaped over a desk and ran toward the rear of the building. This is ample evidence for the jury to conclude that Jones was attempting to evade the officer. The instruction regarding flight was properly given.

For the above reasons the judgment of the trial court is affirmed.

Affirmed.

STATON, J., concurs with opinion.

GARRARD, J., concurs with opinion and concurs in Judge STATON'S concurring opinion.

STATON, Judge, concurring.

Like Judge Garrard, I am compelled by *Estep v. State* (1979), Ind., 394 N.E.2d 111, to concur in Judge Hoffman's disposition of the issue regarding the criminal trespass instruction tendered by Jones. While the Supreme Court's holding in *Estep* appears to foreclose the consideration of criminal trespass, IC 1976, 35–43–2–2(a)(4) (Burns Code Ed.), as a lesser included offense of burglary, IC 1976, 35–43–2–1 (Burns Code Ed.), the persuasive argument presented by Jones may require reconsideration of the proposition that criminal trespass cannot be a lesser included offense of burglary.

The rejected instruction, which is set forth in Judge Hoffman's opinion, employed the language of IC 35–43–2–2(a)(4), which provides:

A person who (4) knowingly or intentionally interferes with the possession or use of the property of another person without

his consent commits criminal trespass, a class A misdemeanor.

Jones contends subsection (a)(4) of the criminal trespass statute constitutes a lesser included offense of burglary because the breaking and entering of a building or structure during a burglary are in themselves an unauthorized interference "with the possession or use of the property of another person." Jones' contention appears to have merit in light of the following "Commentary" to the burglary statute:

> "[S]ubsection (a)(4) of the criminal trespass statute may be a potential included offense in a burglary charge, if 'lack of consent' is implicit in burglary, *and* if 'breaking and entering a building or structure' necessarily includes the concept of 'interference with possession or use' of the property of another. See IC 35–43–2–2(a)(4)." (emphasis original)

Ind.Code Ann. 35–43–2–1 (West 1978), at 609. It is difficult to conceive of a consensual burglary, and there is little doubt that the actual breaking and entering of a building or structure would constitute an unauthorized interference with the owner's possession or use of his property. The prying open of a window or the turning of an unlocked door knob, if accompanied by a subsequent entry into the building or structure, would satisfy the breaking and entering elements of burglary. Those same acts would also constitute the unauthorized interference with the possession or use of the window or the door knob by its owner. Thus, it appears that the acts of breaking and entering necessarily connote the elements of criminal trespass as defined in IC 35–43–2–2(a)(4).

The argument presented by Jones has been rejected by the Supreme Court in *Estep*, in which the Court observed:

> "Defendant's claim that a burglary cannot be committed without committing a criminal trespass under subsection (a)(4) of Ind.Code § 35–43–2–2 (Burns) is also erroneous. . . . It is not necessary for the break and the entry proscribed by the burglary statute to interfere with the possession or use of another's property. . . ."

394 N.E.2d at 114. The Supreme Court supported its statement with the following observations:

> "Obviously if an intent to commit a larceny requisite to a burglary came to fruition, the larceny would be such an interference. However, a burglary is committed when a break and entry is effected with intent to commit a felony. Whether or not the intended felony is accomplished is immaterial. . . ."

394 N.E.2d at 114. It appears that the Supreme Court's focus upon the underlying felony in determining whether interference with property occurs during a burglary does not respond directly to the issue at hand. It is the initial breaking and entering that must be examined to determine whether the actor interfered with the possession or use of the property of another person.

In determining whether to give an instruction on a lesser included offense, the trial court must engage in a two-step analysis established by the Supreme Court in *Lawrence v. State* (1978), 268 Ind. 330, 375 N.E.2d 208, and discussed by the Court of Appeals in *Tucker v. State* (1981), Ind.App., 419 N.E.2d 1355, and *Roddy v. State* (1979), Ind.App., 394 N.E.2d 1098. The first step requires an examination of the two relevant statutes to determine whether a conviction for the charged crime requires proof of all the elements of the alleged lesser included offense, plus an additional element which differentiates the two offenses. In *Estep*, the Supreme Court applied this first step and concluded that a burglary may be committed without committing a criminal trespass. Perhaps, the Supreme Court's conclusion is in need of further clarification, for criminal trespass under IC 35–43–2–2(a)(4) may be considered as the logical choice for a lesser included offense when the State is unable to prove that a person who broke and entered a building or structure intended to commit a felony in it. As Blackstone observed, the breaking and entering of a building "is only a trespass" if the actor did not intend to commit a felony while inside the building. 4 Blackstone, *Commentaries*

**18**

on the *Laws of England* 227 (1769). In the same vein, Wharton observed that "burglary may be regarded as an aggravated form of criminal trespass." 3 Torcia, *Wharton's Criminal Law* § 343, at 246 (14th ed. 1980).

I concur.

GARRARD, Judge, concurring.

Upon the constraint of *Estep v. State* (1979), Ind., 394 N.E.2d 111, I concur.