**Sammy Lee JONES, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 3–1180A336.

Supreme Court of Indiana.

Aug. 19, 1982.

Edward C. Hilgendorf, South Bend, for appellant.

Theodore L. Sendak, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Burglary, Ind.Code § 35–43–2–1 (Burns 1979) and sentenced to eight (8) years imprisonment. The Court of Appeals affirmed. *Jones v. State*, (1981) Ind.App., 421 N.E.2d 15.

We grant Defendant's Petition to Transfer pursuant to Ind.R.App.P. 11(B)(2)(d) in order to clarify and modify a ruling precedent concerning entitlement to instructions upon lesser included offenses.

The statute under which Defendant was charged is as follows:

"A person who breaks and enters the building or structure of another person, *with intent* to commit a felony in it, commits burglary, * * *." (Emphasis added)

The related statute prohibiting criminal trespass, in relevant part, is as follows: "A person who: * * * knowingly or intentionally interferes with the possession or use of the property of another person without his consent; * * * commits criminal trespass, `*` * *." (Emphasis added) Code § 35–43–2–2(a)(4) (Burns 1979).

Defendant tendered the following proposed final instructions, which the trial court refused:

"The defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged. "Included offense" means an offense that:

"... is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged; * * * (or) * * * ... differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person ... or public interest, or a lesser kind of culpability is required to establish its commission."

"There is, included in the offense with which the accused is charged, the offense of Trespass, which is defined as follows:

A person who . . . knowingly or intentionally interferes with the possession or use of the property of another person without his consent . . . commits criminal trespass, a Class A misdemeanor."

On appeal, the Court of Appeals, Third District, affirmed the conviction over the defendant's assignment of error addressed to the refusal of the tendered instruction. The affirmance was on the authority of *Estep v. State,* (1979) Ind., 394 N.E.2d 111. In so doing, however, Judges Staton and Garrard, in concurring opinions, were justly critical of our opinion in *Estep.*

The matter is now before us on Defendant's petition to transfer predicated upon the rationale of the aforementioned criticism of *Estep* ; and transfer is now granted, as aforesaid, pursuant to Ind.R.App.P. 11(B)(2)(d).

In *Estep v. State,* (1979) Ind., 394 N.E.2d 111, 113–14 we stated the following:

"The test for determining the existence of a lesser included offense was set forth in *Watford v. State,* (1957) 237 Ind. 10, 15, 143 N.E.2d 405, 407, where it was stated that '* * * to be necessarily included in the greater offense, the lesser offense must be such that it is impossible to commit the greater without having first committed the lesser.'

"Although the entry incidental to a burglary may be a trespass, under Ind. Code § 35–43–2–2(a)(1) (Burns) it does not follow, that it must be. One may never have been denied entry to his neighbor's house, he may even have been expressly authorized to enter it at any time. Yet, if he enters by 'breaking,' as that term has been employed in defining burglary, with the intent to commit a felony therein, he commits a burglary— although not a trespass, because the entry was authorized.

"Defendant's claim that a burglary cannot be committed without committing a criminal trespass under subsection (a)(4)

of Ind.Code § 35–43–2–2 (Burns) is also erroneous. That subsection renders it a criminal trespass to knowingly or intentionally interfere with the possession or use of another's property without his consent, such interference being the equivalent of the entry proscribed in subsection (a)(1). It is not necessary for the break and the entry proscribed by the burglary statute to interfere with the possession or use of another's property. Obviously if an intent to commit a larceny requisite to a burglary came to fruition, the larceny would be such an interference. However, a burglary is committed when a break and entry is effected with the intent to commit a felony. Whether or not the intended felony is accomplished is immaterial." (citations omitted).

Our language placed a literal interpretation upon the phrase "necessarily included;" in turn, the analysis turned to an examination of the elements of the two offenses, burglary and criminal trespass.

The phrase "necessarily included" crept into our lexicon in 1905, when the Legislature enacted our lesser included offense statute. See Ind.Code § 35–1–39–2 (Burns 1975). *See generally, Roddy v. State,* (1979) Ind.App., 394 N.E.2d 1098. The term "necessarily" has been omitted from the revised Criminal Code. See Ind.Code § 35–41–1–2 (Burns 1979). For purposes of brevity, suffice it to say that *two* types of included offenses are found in our case law. First, there exists the necessarily or inherently included offenses; by definition, it is impossible to commit the greater offense without also committing the lesser offense. *See e.g., West v. State,* (1950) 228 Ind. 431, 92 N.E.2d 852 (rape requires commission of battery); *Hitch v. State,* (1971) 259 Ind. 1, 284 N.E.2d 783 (robbery includes theft).

Our courts have also recognized that while a particular lesser offense may not be inherent in the greater offense, by definition, it may have been committed by reason of the manner in which the greater offense was committed. *See, e.g., Hazlett v. State,* (1951) 229 Ind. 577, 99 N.E.2d 743; *Allison v. State,* (1973) 157 Ind.App. 277, 299

N.E.2d 618; *Roddy v. State, supra.* Depending on the factual allegations contained in the charging instrument, a lesser offense may also be charged and hence "included," as the term is employed.

*Estep* ignores this latter aspect of our "lesser included offense" case law and, to the extent that it is in conflict with this opinion, it is expressly overruled.

■ Consistency in this area of our law is imperative, for the very manner in which an information is drafted depends upon the case law. The state may wish to seek conviction of a defendant for a lesser offense, depending upon the ultimate strength of its evidence. By proper drafting, it can preserve the option to seek conviction for the lesser offense, which, if charged within the body of the information, serves the due process guarantee of notice to defendant. *Blackburn v. State,* (1973) 260 Ind. 5, 291 N.E.2d 686, *appeal dismissed,* (1973) 412 U.S. 925, 93 S.Ct. 2755, 37 L.Ed.2d 152. By the same token, the state through its drafting can foreclose as to the defendant, the tactical opportunity to seek a conviction for a lesser offense. The point is that absolute discretion rests in the state to determine the crime(s) with which a defendant will be charged. *Adams v. State,* (1974) 262 Ind. 220, 314 N.E.2d 53; *Van Hauger v. State,* (1969) 252 Ind. 619, 251 N.E.2d 116. Our opinion in *Estep* ignores this precept, which is the foundation of the two-step inquiry outlined by Justice DeBruler in *Lawrence v. State,* (1978) 268 Ind. 330, 375 N.E.2d 208. *See also Goodpaster v. State,* (1980) Ind., 402 N.E.2d 1239; *Hash v. State,* (1972) 258 Ind. 692, 284 N.E.2d 770, *Watford v. State,* (1957) 237 Ind. 10, 143 N.E.2d 405.

*Estep* rests upon the overbroad rule that criminal trespass can never be an offense included in burglary. Clearly that is an erroneous proposition, for, a criminal trespass, as defined in Ind.Code § 35–43–2–2(a)(4) ("knowingly or intentionally interferes with the possession or use of the property of another"), will likely occur in the commission of a burglary. If it does, in fact, the state may opt to draw the information in such manner as to include it.

■ Of course, the fact that a lesser offense is "included" within the crime charged, as allegedly committed in the charging instrument, does not *ipso facto* entitle either the state or defendant to an instruction on the lesser and included offense. As per step two of the rationale and methodology outlined in *Lawrence v. State, supra,* and *Roddy v. State, supra,* it must also be determined whether the evidence warrants submission of the instruction to the jury. This second step appears to have been first considered and required in *Hash v. State, supra,* citing *Cole v. State,* (1921) 192 Ind. 29, 134 N.E. 867. (DeBruler, J., dissenting). In that case we held that although the lesser offense of theft was included in the greater offense of robbery, as charged, the evidence left no doubt but that the defendant was guilty of robbery or of no crime whatsoever. For the jury to have found that Hash had come by the stolen money by theft, rather than by robbery as per the victim's testimony, or by a chance finding of it upon the ground, following a fight with the victim, would have required it to disbelieve the testimony of both Hash and the victim and to speculate upon a third factual situation upon which there was no evidence.

*Hester v. State,* (1974) 262 Ind. 284, 315 N.E.2d 351 followed *Hash.* With DeBruler, J., dissenting, we again held that notwithstanding the inclusion of the lesser offense of robbery in the crime of felony murder, as charged, Hester was not entitled to the tendered instruction because his only defense evidence was that he was insane. Thus, under the evidence he was either guilty of the felony murder or of no offense. There simply was no evidence to which the tendered included offense instruction could be applied, and we said: "For the trial court to have instructed the jury that it could find the defendant not guilty as charged but guilty of robbery, as a lesser included offense, would have been to suggest to them a compromise verdict. Although compromise verdicts doubtlessly are often forthcoming, they are not sanctioned in law and certainly should not be court induced." *Id.* at 289–90, 315 N.E.2d at 354.

The rationale of *Hash* and *Hester* was accepted by the full court in *Lawrence v. State, supra,* and a tendered included offense instruction was held to have been properly refused, because not warranted by the evidence.

Acknowledging, arguendo, that the "Hash" rule was an impermissible impingement upon a defendant's rights under the statutes then in effect, that barrier was removed by the passage of our present code.

The test for lesser included offenses, which appears in *Watford v. State, supra,* derives from Ind.Code § 35–1–39–1 et seq. (Burns 1975):

"35–1–39–1 (9–1816). Verdict—Different degrees.—Upon an indictment or information for an offense consisting of different degrees, the jury may find the defendant not guilty of the degrees charged in the indictment or information, and guilty of any degree inferior thereto or of an attempt to commit the offense."

"35–1–39–2 (9–1817) One offense included in another.—In all other cases, the defendant may be found guilty of an offense, the commission of which is necessarily included in that with which he is charged in the indictment or information."

"35–1–39–3 (9–1818) Effect of conviction or acquittal.—When the defendant has been convicted or acquitted upon an indictment or information for an offense consisting of different degrees, the conviction or acquittal shall be a bar to another indictment or information for the offense charged in the former, or for any lower degree of that offense or for an offense necessarily included therein."

From the above, it is at least arguable that inasmuch as, under the statute, "A jury might have the power to stultify itself by returning a verdict contrary to what it knew to be the law, since jurisdiction to decide includes power to decide wrong.", *Cole v. State,* (1921) 192 Ind. 29, 37, 134 N.E. 867, 870, that an accused has the right to urge it to do so. However, when the new code was enacted, the repealed provisions of § 35–1–39–1, et seq., set forth above, were only partially re-enacted, and the re-enactment omits the provision authorizing a guilty verdict upon included offenses. Thus, it cannot now be said that an accused has a statutory right to an included offense instruction, without regard to the evidence.

Although the crime of criminal trespass is not inherently included in the crime of burglary, looking at both the statutes and the instrument by which the defendant was charged, it is clear that if he was guilty of the burglary, he was also guilty of a criminal trespass. However, when we examine the evidence, step two of the procedure, we look to see if there was probative evidence that he committed a criminal trespass and either affirmative evidence that he did not commit a burglary or an absence of probative evidence that he did.

The State's evidence disclosed that the defendant was one of the three who burglarized the office of Stewart Insurance Agency, Inc. The evidence was clearly sufficient to sustain a verdict of guilty. The only evidence presented to the contrary was the testimony of the defendant. He testified that he had been drinking alcoholic beverages and smoking marijuana, both very heavily for approximately three hours immediately prior to the arrest of himself and his accomplices at the scene of the crime. He further testified that he was in a drunken stupor and did not know what was happening at the time of his arrest, in the doorway of the office, and immediately prior thereto. He also denied having entered the premises.

If the defendant's testimony were to be believed, he not only would have lacked the capacity for entertaining an intent to commit the theft charged as an element of the burglary, he also would have been incapable of the intent or knowledge requisite to the commission of criminal trespass and further that he had made no entry.

■ Had Defendant presented no evidence, he might logically argue that he was entitled to the tendered instruction upon the theory that the State had the burden to

prove both the trespass and the felonious intent and that the jury was at liberty to believe that the trespass had been proved but that the intent had not. However, by proffering a defense that was incompatible with such theory, he foreclosed such entitlement. As in *Lawrence v. State, supra,* there was no serious dispute that a burglary had been committed by three men. Under the State's evidence, Defendant was one of the three. Under Defendant's evidence, he was not involved. The tendered instruction was, therefore, inapplicable to the evidence.

■ Defendant has raised a second issue upon which we adopt the opinion of the Court of Appeals, as follows:

"Jones next contends that the trial court erred in giving State's tendered Instruction No. 6. The instruction read:

"You are instructed that you may consider evidence of flight of the accused, if any, or (sic) showing consciousness of guilt, along with all the other evidence in the case."

Jones urges that flight was impossible because the building was surrounded by armed police officers.

"The testimony of a police officer who was inside the building indicates that after he had ordered one of the suspects to halt, Jones ran past that subject, leaped over a desk and ran toward the rear of the building. This is ample evidence for the jury to conclude that Jones was attempting to evade the officer. The instruction regarding flight was properly given." 421 N.E.2d at 16.

The petition to transfer is granted, the judgment and opinion of the Court of Appeals are vacated, but the judgment of the trial court is, nevertheless, affirmed.

GIVAN, C. J., and PIVARNIK, J., concur.

DeBRULER, J., concurs in result with opinion.

HUNTER, J., concurs in result with opinion.

DeBRULER, Justice, concurring in result.

So long as the Court continues to adhere to the rule that the proof presented at trial, even though constituting a *prima facie* case of the charged crime, can nevertheless be such as to warrant the refusal to give a particular lesser included offense instruction, attempts at clarification and simplification will not succeed. It is elementary that the trial judge presiding over a jury trial, in determining whether the prosecution has made a *prima facie* case of the charged crime, does not weigh the evidence. On the other hand the trial judge presiding over a jury trial, in determining whether to give a particular lesser and included offense instruction, under the rule as explained in the majority opinion, must examine all of the evidence, and determine from it whether it leaves him with "no doubt but that the defendant was guilty of [the charged crime] or no crime whatsoever." This unique judicial process involves weighing the evidence in the same manner that the trier of facts weighs the evidence in deciding the issue of guilt or innocence, and like it, is essentially unreviewable on appeal. While I must under the constraints of the doctrine of *stare decisis* continue to recognize the rule, I remain convinced that the better rule, the one which does permit a rational appellate oversight, is the one in which the strength of the *prima facie* case plays no role in justifying the refusal to give lesser and included offense instructions.

As I see the case before us, appellant Jones was not entitled to instruction on malicious trespass, because a breaking and entering into a structure can be accomplished without an "interference" with the use and possession of that structure, as where one, standing in a common hall of an apartment building simply nudges an already ajar door further open with an extended index finger having at the time an intent to steal.

HUNTER, Justice, concurring in result.

I concur in the conclusion of the majority that, pursuant to step two of the methodol-

ogy outlined in *Lawrence v. State*, (1978) 268 Ind. 330, 375 N.E.2d 208, defendant was not entitled to an instruction on the lesser included offense of criminal trespass. Likewise, I join the majority's conclusion that *Estep v. State*, (1979) Ind., 394 N.E.2d 111, must be overruled insofar as it incorrectly states the law with respect to step one of the *Lawrence* inquiry. I am unable to join, however, particular statements contained in the majority opinion.

The majority has stated:

"Acknowledging, arguendo, that the "*Hash*" rule was an impermissible impingement upon a defendant's rights under the statutes then in effect, that barrier was removed by the passage of our present code." *Majority Opinion, supra.*

I do not join the majority's renunciation, albeit *obiter dictum*, of the rule utilized in *Hash v. State*, (1972) 258 Ind. 692, 284 N.E.2d 770.

The "*Hash*" rule, as the majority characterizes it, simply deems that when there is no evidence to support the conclusion that the defendant might be guilty only of the included offense, an instruction on that offense should not be given to the jury. Contrary to the majority's assertion, the rule was not employed for the first time in *Hash*; rather, the advent of the rule occurred in *Cole v. State*, (1922) 192 Ind. 29, 134 N.E. 867.

However the rule may be characterized, it has enjoyed longstanding and widespread usage in our courts. This Court, for instance, employed it in *Goodpaster v. State*, (1980) Ind., 402 N.E.2d 1239; *Minton v. State*, (1978) 269 Ind. 39, 378 N.E.2d 639; *Lawrence v. State, supra, Harris v. State*, (1977) 266 Ind. 661, 366 N.E.2d 186; *Hester v. State*, (1974) 262 Ind. 284, 315 N.E.2d 351; *Wathen v. State*, (1965) 246 Ind. 245, 204 N.E.2d 526, and *Watford v. State*, (1957) 237 Ind. 10, 143 N.E.2d 405, to name a few. Our Court of Appeals has employed the rule in numerous instances, including *Roddy v. State*, (1979) Ind.App., 394 N.E.2d 1098; *Phillips v. State*, (1978) Ind.App., 377 N.E.2d 666; *Lash v. State*, (1977) 174 Ind. App. 217, 367 N.E.2d 10, overruling *Ellis v. State*, (1977) 173 Ind.App. 131, 362 N.E.2d 1162, and *Joy v. State*, (1976) 169 Ind.App. 130, 346 N.E.2d 604.

I do not join the majority's "acknowledgment" that the defendants' rights under the statutes in effect were violated by our holdings in *Goodpaster; Minton; Lawrence; Harris; Hester; Hash; Wathen; Watford; Cole; Roddy; Phillips; Lash*, and *Joy*, as well as in other cases which have not been cited. Nor does there appear to be any need to reach that question, "arguendo" or otherwise, for it has not been argued by the defendant.

Inasmuch as the majority's statement suggests that for over half a century we have been violating defendants' statutory rights, the rationale upon which that conclusion is founded should be explored. A misconception of fundamental concepts concerning the law of included offenses is the catalyst for the majority's error.

Prior to the enactment of our revised Criminal Code, which took effect October 1, 1977, the statutes which governed lesser and included offenses were codified at Ind. Code § 35–1–39–1 *et seq.* (Burns 1975), as quoted by the majority. Of particular relevance here is Ind. Code § 35–1–39–2, *supra*, which reads:

"In all other cases, the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or information."

Defined in the statute were the circumstances in which a defendant properly could be convicted of a lesser included offense. The language employed by the legislature bestowed no advantage to either the state or defendant in the matter of when the conviction for an included offense could stand.

The majority apparently has overlooked the neutral posture of the statute, as its discussion dwells on "defendant's rights" and the proposition that "an accused" had a "statutory right" under our former code. The language of the statute, however, defined a rule of evenhanded application:

when the given statutory circumstances were satisfied, a defendant properly could be convicted of a lesser included offense. There was wisdom in the neutral posture of the statute, for as the majority acknowledges, either the defendant or the state in any given case might, as a tactical matter dependent upon the relative strengths and weaknesses of the evidence, desire conviction for a lesser included offense. *See Roddy v. State, supra; Allison v. State*, (1973) 157 Ind.App. 277, 299 N.E.2d 618.

It is also significant that while the legislature established the propriety of convictions for lesser included offenses, it did not address or define the circumstances in which an instruction on a lesser included offense should be given to a jury. The relevant statutes, Ind.Code § 35–1–39–1 et seq., *supra*, were silent on that subject.

It is an elementary rule of statutory construction that if a statute is designed to modify an existing and fundamental common law rule, that intent must be clearly stated; it cannot be supplied by implication. *Maroon v. State Dept. of Mental Health*, (1980) Ind.App., 411 N.E.2d 404; *Hummer v. School City of Hartford City*, (1953) 124 Ind.App. 30, 112 N.E.2d 891. In 1905, when Ind.Code § 35–1–39–1 *et seq., supra*, was enacted, our common law had recognized as a fundamental premise of our criminal trial procedure that the final instructions which are given to the jury must conform to the evidence presented at trial. *See, e.g., Robinson v. State*, (1898) 152 Ind. 304, 53 N.E. 223; *Miller v. State*, (1896) 144 Ind. 401, 43 N.E. 440; *Clem v. State*, (1869) 31 Ind. 480. The rule, of course, retains its vigor today. *French v. State*, (1977) 266 Ind. 276, 362 N.E.2d 834.

It was in this context that *Cole v. State, supra*, the source of the *Hash* rule (as embodied in step two of the *Lawrence* inquiry), was decided. Defendant Cole had been charged and convicted of murder in the commission of a robbery. He appealed, arguing his instruction on voluntary manslaughter had been improperly refused. This Court rejected Cole's contention, noting that his sole defense consisted of an alibi. This Court reasoned correctly that Cole either was guilty of felony murder or not guilty of the crime charged. For the Court, Chief Justice Ewbank explained its rationale:

"And there being no evidence whatever tending to prove that the accused, if he robbed and killed Johnson, as charged in the fourth count of the indictment, killed him under any other circumstances than those recited in that count, by striking him a blow which caused his death while engaged in the perpetration of the robbery, the court was not required to instruct on manslaughter in case the jury found the facts charged in that count, unless the Constitution and statutes of Indiana require such an instruction without reference to the nature of the charge or the evidence. *State v. Roselli* (1921), 109 Kan. 33, 198 P. 195, 198.

"That an instruction need not be given in a criminal case unless there is evidence to which it is applicable has been decided by this court. *Harlan v. State* (1921), 190 Ind. 322, 130 N.E. 413, 418.

\* \* \* \* \* \*

"A jury might have power to stultify itself by returning a verdict contrary to what it knew to be the law, since jurisdiction to decide includes power to decide wrong. But the court, when giving instructions, is not required to insult the jurors by a suggestion that they may do so." *Id.*, 192 Ind. at 36–7, 134 N.E. at 870.

It was this precise language which was expressly followed in *Hash* and its progeny. *See, e.g., Hester v. State, supra*, 262 Ind. at 289, 315 N.E.2d at 354, quoting *Cole v. State, supra; Roddy v. State, supra*, 394 N.E.2d at 773, n.26, quoting *Cole v. State, supra*.

As this Court also recognized in *Lawrence v. State, supra*, and *Hester v. State, supra*, the rule enunciated in *Cole* and utilized in *Hash* serves to eliminate the potential for dubious compromise verdicts between jurors who believe a defendant is guilty of the charged crime and those who would acquit him of the charge. *See also*,

*Roddy v. State, supra.* Unless an evidentiary dispute exists with respect to the element(s) which distinguishes the offense charged from the included offense, neither defendant nor the state can obtain an instruction on the included offense—and the jury is precluded from a compromise verdict which bears no relationship to the evidence. *Cole v. State, supra; Hash v. State, supra.*

In interpreting Ind.Code § 35–1–39–2, *supra,* to grant defendant a "statutory right" to an instruction on any lesser offense which was included in the crime charged, and in turn decrying the *Hash* rule as an "impermissible impingement" of that "right," the majority attributes an intent to the legislature to promote the opportunity for compromise verdicts which do not comport with the evidence. This Court has often acknowledged the rule of statutory construction, however, that it must be presumed that our legislature did not intend its enactment to work an illogical or absurd result. *Walton v. State,* (1980) Ind., 398 N.E.2d 667; *Chaffin v. Nicosia,* (1974) 261 Ind. 698, 310 N.E.2d 867; *In re Adoption of Jackson,* (1972) 257 Ind. 588, 277 N.E.2d 162; *Town of Homecroft v. Macbeth,* (1958) 238 Ind. 57, 148 N.E.2d 563.

There is no language contained in Ind. Code § 35–1–39–1 *et seq., supra,* which indicates, either expressly or impliedly, that our legislature intended to open the door for defendants to obtain compromise verdicts unrelated to the evidence. The rules of statutory construction, as applied to the statutes at issue, dictate the conclusion that the legislature intended its provisos to be applied in an evenhanded manner, one consistent with the long-standing rule that instructions must conform to the evidence. The *Hash* rule, notwithstanding its renunciation by the majority, serves to promote this equilibrium between the parties, perpetuate the common law rule that instructions conform to the evidence, and eliminate the potential for compromise verdicts. The *Hash* rule did not violate any aspect of Ind.Code § 35–1–39–1 *et seq., supra.*

It should be noted that the majority correctly states that the *Hash* rule, as embodied in step two of the methodology outlined in *Lawrence v. State, supra,* and *Roddy v. State, supra,* has continuing validity under our revised Criminal Code. Ind.Code § 35–41–1–2 (Burns 1979 Repl.); *see, e.g., Easley v. State,* (1981) Ind., 427 N.E.2d 435; *Swafford v. State,* (1981) Ind., 421 N.E.2d 596; *Payton v. State,* (1982) Ind.App., 430 N.E.2d 1175; *Copeland v. State,* (1982) Ind.App., 430 N.E.2d 393. Likewise, the majority properly found that pursuant to the rule, the instruction tendered by defendant was properly refused.

For the foregoing reasons, I concur in the overruling of *Estep v. State, supra,* and the conclusion that defendant was not entitled to an instruction on the lesser offense. Otherwise, I concur in result.